# APRIL TERM, 1913.

[No. 7246.]

## WENTZEL v. THE PEOPLE.

1. CRIMINAL LAW — *Record of Conviction — Amendment* — The amendment of the record of a criminal conviction is in the discretion of the court where such conviction was had, subject to review for any abuse of discretion.

The testimony upon which the amendment was sought being contradicted, the court declined to disturb the result.

2. ——*Statute of Limitations*—The statute of limitations is a defense. The exceptions to the course of the statute expressly provided therein, need not be noticed in the information. The prosecutor may aver the facts which take the case out of the statute, when the statute is pleaded. An information otherwise sufficient but showing upon its face that more than the statutory period has elapsed since the commission of the offense charged, is sufficient to sustain a conviction.

*Error to Pueblo District Court*—Hon. CHARLES S. ESSEX, Judge.

Messrs. MORRISON & BAILEY, for plaintiff in error.

Hon. JOHN T. BARNETT, Attorney General, and Mr. ELMER L. BROCK, for the people.

Mr. JUSTICE SCOTT delivered the opinion of the court.

The plaintiff in error was on the 10th day of August, 1907, and under a plea of guilty to an information charging the crime of incest, sentenced to a term in the penitentiary. Some three years thereafter counsel for the defendant filed a motion to amend the record of conviction, which motion was denied by the trial court. The case is now before us for review.

(33)

The information charged the crime to have been committed on the 25th day of September, 1905, and was filed on the 8th day of August, 1907.

The record sought to be amended in so far as need be considered, is as follows:

"Comes now the defendant and is arraigned and this information read to him, and he answers and says that he is guilty as charged in the information, and the consequences of his plea being fully explained to him he still persists therein. Whereupon the court hears the evidence upon the plea of guilty entered therein. And the court having heard the evidence herein, continues the further hearing of this cause to August 10th, at 10 o'clock A. M.

August 10, 1907. At this day come the people by S. H. White, district attorney, and the said defendant, George M. Wetzel, as well in his own proper person, as by his counsel W. B. Vates, also come, and now neither the defendant nor his counsel saying anything further why the judgment of the court should not now be pronounced against him on the plea of guilty heretofore pleaded in this cause."

The defendant was sentenced to hard labor in the penitentiary for a period of not less than fifteen nor more than twenty years.

The motion to amend the record was filed July 25th, 1910. The suggested amendments to the record are as follows:

"That the part of the record of this court in this cause entered as of the 8th day of August, A. D. 1907, reading 'comes now the defendant and is arraigned and this information read to him and he answers and says, that he is guilty as charged in the information and the consequences of his plea, being fully explained to him, he still persists therein,' be corrected so that it may speak

the truth and read as follows: 'Comes now the defendant and is arraigned and this information read to him, and he answers and says that he is guilty as charged in the information, and the court having advised him that if he persists in said plea, that it is the duty of the court to pass sentence upon him and to sentence him to imprisonment in the state penitentiary and in its said discretion may sentence him to a term in the state penitentiary at hard labor for a period of not less than one (1) year nor more than twenty (20) years, the said defendant still persists therein.'

"And that part of the record entered herein as of the 8th day of August, A. D. 1907, reading: 'Whereupon the court hears the evidence upon the plea of guilty entered herein,' be amended so that it may speak the truth to read as follows: 'Whereupon the court hears the evidence of Mary Wetzel upon the plea of guilty entered herein.' And that part of the record entered in this cause as of the 8th day of August, 1907, reading: 'And the court, having heard the evidence continues the further hearing of this cause to August 10, at 10 o'clock A. M.,' be corrected and amended so as to speak the truth and read as follows: 'And the court, having heard the evidence of Mary Wentzel continues the further hearing of this cause to August 10th, at 10 o'clock A. M.' "

The motion was supported by an affidavit of the defendant, in which it is said that:

"When he plead guilty to the information he was advised in substance that if he persisted in pleading guilty, it would be the duty of the court to pass sentence upon him and to sentence him to the penitentiary for a term of not less than one (1) year nor more than twenty (20) years. That no other consequences of his plea were explained to him; that he was not advised that the statute of limitations had run against the offense nor that he might plead the statute; nor was it explained to him that

if he persisted in pleading guilty he might be deemed to have waived his right to plead the statute of limitations; nor was he advised that the information showed the offense charged to be barred by the statute of limitations; nor was he advised that he might avail himself of the benefits of the statute of limitations. That he was not advised of his right to a trial by jury nor that if he plead guilty he would waive his right to a trial by jury."

The motion was supported also by a transcript of the testimony of Mary Wentzel, the daughter upon whom the crime was committed.

The testimony of Wentzel in his affidavit, as above set forth, was contradicted in every particular by the testimony of the clerk of the district court.

The question of amendment of the record was clearly within the discretion of the court, subject as in case of every such discretion to review, by reason of abuse of such discretion only. Clearly there was no abuse of discretion in this case.

It is also the contention that in as much as more than eighteen months had elapsed after the commission of the offense, and before the filing of the information, that the action was barred by the statute of limitations, and that if so barred then the information is invalid on its face, in that no one of the exceptions contained in the statute is recited in the information.

In *Packer v. People,* 26 Colo. 306, 157 Pac. 1087, the very contention and under the same section of the statute, was fully considered and determined adversely to the claim of plaintiff in error here.

It is also argued that there was insufficient testimony to comply with the statute requiring testimony to be offered where the plea of guilty is entered in such cases. The record shows the testimony of the witness Mary Wentzel, and a letter properly identified, from the de-

fendant addressed to her containing repeated confessions of guilt. This letter was written and mailed prior to the filing of the information.

The testimony was sufficient.

The judgment is affirmed.

CHIEF JUSTICE MUSSER and JUSTICE GARRIGUES concurring.

Decided March 3, A. D. 1913. Rehearing denied July 7, A. D. 1913.