S. I. REVELL, *Plaintiff in Error,* v. THE STATE OF FLORIDA,
*Defendant in Error.*

Opinion Filed April 11, 1923.

1. Where a count in an indictment charging embezzlement under
   the statute is not so vague, indefinite and uncertain as to
   embarrass the accused and is sufficient to advise him of "the
   nature and cause of the accusation against him," it is not
   error to overrule a motion to quash such count upon the
   ground that it is so vague and indefinite as to charge no
   offense.

2. A count in an indictment of a county officer upon a charge of
   embezzlement of moneys received by him in his official ca-
   pacity between two given dates, but which alleges the embez-
   zlement of the moneys so received upon a date within two
   years of the finding of the indictment, is not fatally defective
   and amenable to motion to quash upon the ground that it
   shows the prosecution to be barred by the statute because the
   beginning of the period during which the embezzled moneys
   were received by him antedates the beginning of the statutory
   period of two years.

3. The statute (§5152, Rev. Gen. Stats.) constituting "the failure, neglect, omission or refusal of any such officer (state, county or municipal officer) to pay over or deliver to any official or person authorized or having the right by law to receive the same (money, property or effects), for more than thirty days after the same has been collected or received by him, shall be prima facie evidence of the conversion" of such money, property or effects, is a rule of evidence and not a statute of limitation.

4. An appellate court cannot review an order of the trial court granting or refusing a motion for new trial unless the ruling is excepted to and the motion, ruling and exception incorporated in the bill of exceptions. Such motion is not a part of the record proper, and its incorporation therein is unavailing.

A Writ of Error to the Circuit Court for Liberty County; E. C. Love, Judge.

Affirmed.

*Kehoe & Adams,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, J.—On an indictment containing three counts charging embezzlement, plaintiff in error was, after arraignment and plea of not guilty, put on trial. At the conclusion of the evidence for the State, the defendant offering none, the jury was instructed to find him not guilty on the first count. The issue made by the plea of not guilty on the second and third counts was submitted to the jury. The verdict returned found the defendant guilty upon the second count but not guilty upon the third count. Sentence was imposed adjudging him guilty

upon this verdict. Writ of error was taken from this court.

The second count, omitting formal commencement and conclusion, is as follows:

"And the jurors aforesaid, upon their oath aforesaid, do further present and say, that the S. I. Revell, late of the County of Liberty aforesaid, in the Circuit and State aforesaid laborer on the 2nd day of October, 1920, with force and arms at and in the County of Liberty aforesaid, being then and there a county officer, of the County of Liberty aforesaid, to-wit, Clerk of the Circuit Court of said County of Liberty, State of Florida, and whose duty it was to collect, receive and take into his possession monys due for the purchase and redemption of tax certificates belonging to the State of Florida, that is to say— for collections made by the said S. I. Revell, for delinquent and omitted State taxes, to the State of Florida, in said County of Liberty did by virtue of said office as Clerk of the Circuit Court of said County of Liberty and while such officer, to-wit: Clerk of the Circuit Court of said County of Liberty, collect, receive and take into his possession certain moneys due for the purchase and redemption of tax certificates belonging to the State of Florida, that is to say—for collections made by the said S. I. Revell for delinquent and omitted State taxes as aforesaid the property of the said State of Florida, at divers times between the 4th day of October, 1918, and the 2nd day of October, 1920, to-wit: the sum of Three Thousand Four Hundred Forty-two and 74/100 Dollars, of the value of Three Thousand Four Hundred Forty-two and 74/100 Dollars, a more particular description of said moneys being to the Grand Jurors unknown, for and in the name of and on account of the said State of Florida, and of the property, goods, and chattels of the State of Florida, and

said moneys so as aforesaid, coming into his possession by virtue of his said office as Clerk of the Circuit Court for said County of Liberty, he the said S. I. Revell then and there to-wit: on the 2nd day of October, 1920, in the County of Liberty, State of Florida, did feloniously embezzle and fraudulently and feloniously convert to his own use the said sum of Three Thousand Four Hundred Forty-two and 74/100 Dollars, of the value of Three Thousand Four Hundred Forty-two and 74/100 Dollars, of the property, goods and chattels of the said State of Florida, a more particular description of said moneys being to the Grand Jurors unknown.''

There was a motion to quash each count of the indictment, which was denied. The overruling of this motion was excepted to and is assigned as error. It is said in the first place, in support of this assignment, that the count upon which there was a conviction is so vague and indefinite that it charges no offense. This is one of the grounds of the motion to quash. This question in principle. has been decided by this court. In Black v. State, 77 Fla. 289, 81 South. Rep. 411, an indictment charging embezzlement against another officer of the same county in substantially and in all material respects the same language, was held sufficient as against a motion to quash on the same grounds. That decision is authority for the holding that the indictment in this case is not so faulty in its allegations as to charge no offense. The other contention upon this branch of the case is that it appears that the embezzlement alleged, if any, occurred more than two years before the filing of the indictment and is, therefore, barred by the statute of limitations. The basis of this contention, as we understand it, is that according to the allegations of the indictment the moneys embezzled were received by and taken into the possession of the defendant,

as clerk of the Circuit Court of Liberty County, "between the 4th day of October, 1918, and the 2nd day of October 1920," and that the defendant "on the 2nd day of October, 1920 * * * did feloniously embezzle and fraudulently and feloniously convert to his own use" the moneys alleged to have been embezzled; that under the provisions of Section 5152 (3317) Revised General Statutes, the defendant was prima facie guilty of embezzlement of each and all amounts so collectel and received by him upon his failure, neglect, omission or refusal for more than thirty days to pay over the same to the officer or person authorized to receive it, and from the moment of his prima facie guilt as to each amount received, with respect to that transaction the statute of limitation began to run, and that inasmuch as, according to the allegation of the indictment, some, and possibly all of the moneys embezzled may have been received and embezzled prima facie more than two years before the indictment was returned, the indictment is fatally defective and amenable to motion to quash because it shows on its face that the prosecution may be barred by the statute. This argument is fallacious. It disregards the allegation that the moneys were embezzled on October 2, 1920, a date well within the statutory period. Furthermore, at least a portion of the period of time set out within which the moneys so collected and received were alleged to have been embezzled, is within the statutory period, and the fact that the period alleged extended beyond the limit in which proof upon which a conviction must rest is restricted by the statute, does not vitiate the indictment This position is untenable for another reason. By Section 5012 (3182) Revised General Statutes, all offenses by State or county or municipal officials, committed during their term or terms of office in any way whatsoever connected with the discharge of the duties of their

different offices, shall be prosecuted within two years after the said officer shall retire from such office. The indictment alleges that the defendant was, on October 2, 1920, the date upon which the embezzlement is alleged to have occurred, clerk of the Circuit Court of Liberty County, a county officer. If he retired from office on the day of the alleged embezzlement, he was subject to prosecution at any time within two years after his retirement, and the date of the indictment, October 14, 1921, is within that time. The statute constituting it prima facie embezzlement for an officer to fail or refuse, for more than thirty days, to pay over moneys collected by him to the official authorized to receive them, is a rule of evidence and not a statute of limitation. We do not overlook the proof that the defendant abandoned or was removed from the office several weeks prior to the date upon which the embezzlement is alleged to have occurred, but are dealing now with the question of whether the indictment charges an offense.

There was no error in denying the motion to quash nor in overruling the motion in arrest of judgment presenting the same question.

The only other question argued in the brief is the alleged insufficiency of the evidence to support the verdict. This question was presented to the trial court by a motion to set aside the verdict and grant a new trial. The motion was denied and the ruling is assigned as error    This motion, with the ruling upon it, is contained in the record proper. It is not in the bill of exceptions. In a number of cases this court has held that to enable an appellate court upon writ of error to review the ruling of a trial court denying a motion for new trial upon the ground that the verdict is not supported by the evidence, the motion and the exception to the ruling denying it must be

embodied in the bill of exceptions, and that where the motion and exception to the ruling thereon are found only in the record proper, this question cannot be considered. Alexander v. Rhine, 78 Fla. 313, 82 South. Rep. 831; Palmore v. State, 65 Fla. 539, 62 South. Rep 581; McDonald v. State, 46, Fla. 149, 35 South. Rep. 72; Cooper v. State, 47 Fla. 21, 36 South. Rep. 53. Not being presented so that it can be reviewed, this assignment, although there may be merit in it, must fail.

No reversible error being made to appear, the judgment is affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.