No. 16,605.

HERMAN *v.* THE PEOPLE.

(233 P. [2d] 873)

Decided June 25, 1951.

Mr. ROMILLY FOOTE, Mr. ERNEST U. SANDOVAL, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. RAYMOND B. DANKS, Assistant, Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr.

NORMAN H. COMSTOCK, Assistant, for the people.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE writ of error in this case is prosecuted to set aside a judgment of dismissal entered upon a jury's verdict in favor of the people after trial of the issues made by the filing by plaintiff in error, hereinafter called defendant, of a motion of autrefois acquit and the answer thereto.

On September 16, 1949, an information was filed in the district court of Huerfano county charging defendant with larceny of two white-faced heifers, not branded, of the property of one J. E. Dies on or about the 12th day of September, 1940. A plea of not guilty was entered; a jury was impaneled and sworn and the District Attorney made his opening statement to the effect that they expected to prove by the evidence that the defendant was guilty of the matters and things charged in the information as of the early part of September, 1949. The People called witnesses to the stand whose testimony tended to establish the offense as having been committed in the early part of September, 1949.

At this stage of the proceedings, counsel for defendant announced that he had a statement to make to the court, and during a recess, and in the absence of the jury, stated that he was employed by defendant in September, 1949, and received a copy of the information in which it was alleged that the offense occurred in 1940; that he examined the files in the office of the clerk of the district court of that date, and that the information on file charged the offense as having been committed in 1940; further, that he had examined the files at different times and that at all times until this day, the day of the trial, the information read "1940," but when he examined the files during the course of the trial, when they were on the table in front of the District Attorney, he saw that the original information had been changed by writing in the word "nine" after "forty" as the date of the alleged offense; he asked to introduce, with leave to withdraw, defendant's exhibit 1, being the copy of the information received by him, and, also, to introduce the copy in the possession of the deputy district attorney,

which he had just picked up from in front of the deputy, which also showed the same year "1940;" he then made an oral demurrer and orally moved to quash the information on the ground that the statute of limitations had run. Witnesses were called and sworn to support the statement made by counsel for defendant, and after much discussion between the court and counsel, counsel then renewed his motion for a directed verdict. The court, upon examination of the files, apparently was satisfied that the information had been amended without leave of court some time between the filing date and the day of trial. After an overnight recess, the court, of its own motion stated that the word "nine" following the word "forty" in the information would be stricken because it was not authorized to be inserted therein as determined from the testimony and from the court files. Thereupon the District Attorney asked leave to amend the information and stated in substance, that without the amendment the People were left in the position where they would not have evidence to sustain the allegations of the information. The court denied the application to amend and the District Attorney then asked permission to file a nolle prosequi for the reasons "We do not have in the present posture of this case, evidence to sustain the charge in the information as to the date, the year 1940, and we believe it should be granted."

Counsel for defendant objected to the filing and granting of a nolle prosequi and again asked the court to direct a verdict, an acquittal, in favor of defendant. The District Attorney stated that he believed he always had a right to ask for a nolle prosequi, and especially "under these circumstances." Counsel for defendant stated, "It makes a difference." "The Court: What legal difference does that make? Mr. Foote: (Counsel for defendant) I don't want to advise them of my reasons on that. It makes a serious difference. We have made our motion. It is former jeopardy, I will state that." After further extended discussion between the court and counsel, the

court granted leave to file a nolle prosequi and thereupon dismissed the jury, discharged the defendant and released the appearance bond.

While the record discloses no objection on the part of counsel for defendant at the time, the statutory requirement concerning nolle prosequi was not followed, in that the case was dismissed and the nolle prosequi entered without a motion accompanied by a statement in writing concisely stating the reasons for the action, which would become a part of the record in the case and open to the inspection of the public.

On November 29, 1949, the District Attorney filed a new information charging defendant with the identical offense as contained in the former information, with the exception that defendant was charged with having committed the offense on September 12, 1949; and with the further exception that this information shows the larceny of only one white-faced heifer instead of two. To this information defendant filed the motion of autrefois acquit, and the trial of the issue made thereon by the People's answer affords the questions now before us for determination.

Defendant, plaintiff in error, assigns twenty-one points for reversal, among which, those of importance are, in substance: That the discharge of defendant on the nolle prosequi entered by the trial court after the error in the original information was disclosed, constituted an acquittal of defendant; that he could not be prosecuted under the second information on account of former judgment; other assignments concern irregularities in both hearings.

It appears from the record that defendant requested the impaneling of a jury to determine the questions of fact raised by his special plea of former judgment. Counsel for defendant contends in his brief that there was really no conflict in the evidence, or proven or admitted facts concerning the matter of double jeopardy. Without a discussion of all of the ramifications of the alleged

errors committed in both the hearing on the original or first information and the hearing on the plea of former jeopardy, and deeming it unnecessary to discuss the merits of defendant's motion for a directed verdict in the former jeopardy hearing, or the sufficiency or insufficiency of the instructions given by the court to the jury, we believe that an affirmance of the judgment herein should be made in any event.

There seems to be no denial of the fact that the original information charged larceny as having been committed on or about September 12, 1940. This information was filed September 16, 1949. Regardless of the unauthorized amendment, hereinbefore set out, the trial court caused the amendment to be stricken and the information thereby caused to stand as laid, charging the offense as of the year 1940. After it was clearly established by the evidence that the offense, with which the prosecution was attempting to establish, occurred in 1949, counsel for defendant orally moved as follows: "I now move the court—I now file an oral demurrer and also orally move to quash this information, on the ground that the charge was stated as having occurred in September 1940 because the statute of limitations has run * * *."

It cannot successfully be contended, under this state of facts, that the information was a valid information or that it charged an offense that could be sustained nine years thereafter. Had a verdict of guilt been returned under this information, any judgment or sentence thereon would have been void because of the running of the statute of limitations on such a crime would have been to the effect that there was no crime, as such, existing at the time of the trial. Therefore, the court was without jurisdiction to proceed further than to dismiss the case or enter the tendered plea of nolle prosequi. The plea of former jeopardy is available only when a valid indictment or information has been found and presented; and a jury has been impaneled and sworn to

try the case and has returned a verdict. The lack of any fundamental requisite that would make a verdict and sentence valid, carries with it in effect a plea of former jeopardy. To restate, the plea of former jeopardy must be based on a former valid proceeding.

 Of course, the quashing—or any other order of court which has the same effect—of a bad information is no bar to a prosecution upon a good one, and the defendant still is liable to be tried for his crime. "That appellant was not conducted into jeopardy by the partial trial on the indictment, if that indictment was not sufficient to sustain a conviction, is too obvious and well settled to need citation of authority or precedent to support the proposition. But it is now claimed by counsel for appellant that the former indictment was a good and sufficient charge of the offense, and that, therefore, jeopardy attached. We are not required to determine whether the indictment was good or bad, for conceding it to have been good, appellant, having induced the action of the trial court in holding it bad, by his motion to quash it, which the court sustained, thereby waived any right to claim that he had been put in jeopardy under it. The immunity from a second jeopardy is a constitutional right which a defendant may waive. Appellant invoked, by his motion to quash, the action of the trial court to lift him out of the peril he was then in, and he cannot now take advantage of that action, if erroneous, to relieve himself from the second jeopardy, for he waived his right." *Blocher v. State,* 177 Ind. 356, 98 N.E. 118, and cases there cited.

Since the judgment, regardless of any alleged error as we have herein indicated should obtain, our order entering into it, brings about the same effect and result herein will be that the judgment be affirmed.