No. 18,701.

ED BUSTAMANTE *v.* DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT, ET AL.
(329 P. [2d] 1013)

Decided September 22, 1958.

98

Mr. Carmel A. Garlutzo, for petitioner.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. O. F. Adams, District Attorney of the Third Judicial District, for respondents.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

The parties will be referred to herein by name.

On February 28, 1955, a grand jury returned an indictment under C.R.S. '53, 40-19-3, which provided in pertinent part that:

" * * * ED BUSTAMANTE, late of the County of Las Animas, State of Colorado, then and there being a duly elected officer * * *, to-wit, a duly elected * * * and acting County Clerk and Recorder of * * * the County of Las Animas * * *, did, between the dates of May 24, 1953, and October 19, 1954, wilfully, unlawfully, corruptly and feloniously use, make way with, secrete, and convert to his own use the sum of $1,689.00, * * * being a portion of the public funds or moneys * * *."

Bustamante was tried under this indictment, convicted by a jury and sentenced to the state penitentiary. In *Bustamante v. People,* 133 Colo. 497, 297 P. (2d) 538, this court reversed the judgment, one of the grounds being that the offenses charged were misdemeanors and not felonies, hence a penitentiary sentence under C.R.S. '53, 40-19-3, was unauthorized.

In *Bustamante v. People,* 136 Colo. 362, 317 P. (2d) 885, we reversed a conviction of this defendant on an information charging some of the same acts, on the ground that he was placed in double jeopardy by the state when it proceeded to try him by information upon some of the offenses charged in the original indictment while the first conviction was pending on writ of error in this court.

Bustamante now seeks relief against a second prosecution on the original indictment by original proceeding in the nature of prohibition. He urges that the offenses charged being misdemeanors and not being separately stated fall within the bar of C.R.S. '53, 39-1-3, which provides in pertinent part:

"No person shall be prosecuted, tried or punished, for

any misdemeanor or other indictable offense below the grade of a felony * * * unless the indictment, information or complaint, * * * shall be found or instituted within one year and six months from the time of the committing of the offense * * *.

"Nothing herein contained shall extend to any person fleeing from justice. * * *."

The petition and briefs here disclose that this indictment was returned February 28, 1955, and that Bustamante was not a fugitive from justice at any time. February 28, 1955, was twenty-one months and seven days after May 24, 1953, the first date alleged; however, an amended motion to quash the indictment on the grounds above stated was overruled by the trial court and a trial date was set.

██ . The people urge that this is not a suitable case for application of prohibition and that Bustamante must proceed to trial and urge the statute of limitations by way of defense. We do not agree.

There is a diversity of opinion in various jurisdictions as to the effect of the statute of limitations in cases like this, but no apparent conflict exists as to the applicability of prohibition where the statute is held to be a bar to prosecution. Colorado has not had uniformity in its adoption of a consistent rule as to the effect of the statute of limitations. *Packer v. People* (1899), 26 Colo. 306, 57 Pac. 1087; *Wentzel v. People* (1913), 55 Colo. 33, 133 Pac. 415; *Thorpe v. People* (1942), 110 Colo. 7, 129 P. (2d) 296, and *Herman v. People* (1951), 124 Colo. 46, 233 P. (2d) 873, show the uncertainty prevailing in the prior opinions of this court.

In the *Packer* case, supra, it was held that it is not necessary to allege in an indictment the exception that relieves it from the bar of the statute of limitations, such as that the defendant was a fugitive from justice during all or a part of the period of limitation. Packer had been indicted for the murder of five men; the crime was alleged to have been committed in March 1874. He was

first tried on those charges in 1883 and his conviction of murder reversed in 1885 in 8 Colo. 361. Later five separate indictments were returned, one on April 6 and the others on April 7, 1883, nine years after the alleged commission of the offenses. The death sentence reversed in 8 Colo. 361 was on the ground that the sections of the criminal code prescribing the punishment for murder were repealed by the legislature without a saving clause after the crime was committed and before the conviction was had. The cause was remanded for a new trial for the crime of manslaughter, an included offense in the specific crime of murder charged in the indictments. A second trial was had resulting in a conviction of the crime of voluntary manslaughter and Packer was sentenced accordingly. On writ of error to this court (26 Colo. 306) it was urged that the conviction was invalid as barred by the statute of limitations, the offense having been committed more than nine years before the indictments were returned, and there being no exceptions alleged to remove the case from the bar of the statute. It was held, however, that if a defendant desires to take advantage of the statute of limitations, it is a matter of defense to be specially pleaded or raised at the trial under the evidence under a plea of not guilty, and that exceptions in the statute need not be negatived by the people in the indictment. In support of its conclusion the court quoted extensively from *United States v. Cook,* 17 Wall. 168. A careful examination of the last *Packer* opinion discloses that the court assumed, but did not decide, the vital question of whether the defendant could urge against the indictments charging murder the same objections he might if they had specifically charged manslaughter only.

The statute of limitations considered in *Packer* read:

"No person or persons shall be prosecuted, tried or punished for any offense denominated by the common law felony, (murder, arson and forgery excepted), unless the indictment for the same shall be found by a

grand jury within three years next after the offense shall have been done or committed * * *." Gen. Stats. 1883, Ch. XXV, Sec. 975.

The acceptance in *Packer* of the rule in *United States v. Cook,* supra, was improvident. We cannot agree that the *Cook* case enunciates the better rule when it states:

"Accused persons may avail themselves of the statute of limitations by special plea or by evidence under the general issue, *but courts of justice, if the statute contains exceptions, will not quash an indictment because it appears upon its face that it was not found within the period prescribed in the limitations * * *.* Nor is it admitted that any different rule would apply in the case even if the statute of limitations did not contain any exception, *as time is not of the essence of the offense * * *.*" (Emphasis supplied.)

The *Packer* case has been cited in *Wentzel v. People,* supra, and in *Thorpe v. People,* supra.

In *Wentzel,* the felony of incest was charged by an information filed August 8, 1907, to have been committed on September 25, 1905. This was within the three years permitted by the statute, thus *Packer* was not applicable.

In *Thorpe,* the felony charged was *one* embezzlement made on October 11, 1939. Similar offenses committed on December 30, 1937, and February 27, 1940, were admitted in evidence to show intent and scheme to defraud. It was held that it was not error to admit the evidence of prior offenses because the crime charged was well within the three year period. The court stated in *Thorpe* that the statute of limitations was a matter of defense. *Packer* was cited as authority therefor.

The point in regard to the statute of limitations is that in *Packer v. People,* supra, the statute did not apply, since the charge was that of murder in pending indictments, and though Packer's first conviction was had for a crime committed on March 1, 1874 (8 Colo. 361), trial of the included crime of manslaughter could proceed

after reversal and was not barred by the statute of limitations.

To the extent that *Packer* (26 Colo. 306) and *Wentzel* and *Thorpe,* which followed it, are in conflict with the views herein expressed, they are overruled.

■ The better rule which we adopt is that time is material and must be alleged in an indictment or information when the crime alleged to have been committed is one which the statute of limitations bars from prosecution after the period prescribed. When the time so alleged shows on the face of the charge that it is barred by the statute of limitations, it is necessary that the indictment or information expressly allege one or more of the exceptions provided by the statute, otherwise the application of the statute is automatic. This is true whether the crime be a felony or a misdemeanor. (See 27 Am. Jur. 636, §74, for a discussion of the rule on defective indictments.)

■ Our statute is clear and if a defendant can bring himself under its protective cloak, he may assert his right any time and in many manner.

Indictments, of course, must be specific in other essential details and must contain sufficient express averments to enable the trial court to determine that it has jurisdiction on other matters as well. 27 Am. Jur. 624, §58.

*Herman v. People,* supra, is the first time that this court had indicated it would not follow the *Packer* case — though that case was not mentioned therein. This was a larceny case involving the use of the date September 12, 1940, in the information instead of September 12, 1949. The trial court denied defendant's motion for a directed verdict but did grant the state a *nolle prosequi.* On writ of error this court held that the information was invalid and that any judgment or sentence based upon a conviction thereunder would be void because of the statute of limitations.

■ The *Herman* case is in accord with *People v.*

*McGee* (1934,) 1 Cal. (2d) 611, 36 P. (2d) 378, where the Supreme Court of California, in reviewing the conflict in its own decisions on this question, said: " * * * the more desirable rule is that the statute is jurisdictional, and that an indictment or information which shows on its face that the prosecution is barred by limitations fails to state a public offense. The point may therefore be raised at any time, before or after judgment."

In *McGee* the court pointed out that in criminal cases the state through its legislature has declared *it* will not prosecute crimes after the period has run, hence has limited the power of the courts to proceed in the matter. It then said:

"It follows that where the pleading of the state shows that the period of the statute of limitations has run, and nothing is alleged to take the case out of the statute, for example, that the defendant has been absent from the state, the power to proceed in the case is gone."

The California statute involved was somewhat similar to ours with the offense charged "on or about March 30, 1926," and the information filed on November 3, 1930.

■ It has been said that statutes of limitation in criminal cases create a bar to the prosecution, while in civil cases they are merely statutes of repose, and that the time within which an offense is committed is a jurisdictional fact in all cases subject to limitation. *Idaho v. Steensland* (1921), 33 Ida. 529, 195 Pac. 1080. (Also see 13 A.L.R. 1442 for a discussion of the split in the authorities on this subject.)

■ It follows that the bar of the statute of limitations may be raised either by a plea of not guilty or by motion to dismiss for lack of jurisdiction. When raised by a plea of not guilty, proof must be made by the state showing that its right to prosecute and punish for the offense alleged is not barred, *Idaho v. Steensland,* supra. Of course, where as here, the state's own indictment makes the time element material there is no need of

further proof. It then is merely the duty of the trial court to apply the statute and quash the indictment.

*Revell v. State* (1923), 85 Fla. 402, 96 So. 156, is an embezzlement case somewhat similar to this one, but it is distinguishable on its facts. There it was held that an indictment charging embezzlement of county funds was not defective and within the statute of limitations where it stated the moneys "were received by and taken into the possession of the defendant, as clerk of the circuit court \* \* \* 'between the 4th day of October, 1918, and the 2d day of October, 1920,' and that the defendant 'on the 2d day of October, 1920, \* \* \* did feloniously embezzle and fraudulently and feloniously convert to his own use' the moneys alleged to have been embezzled;". A two year statute of limitations was in effect. There we note that a specific date; viz., October 2, 1920, within the limitation of the statute, was expressly set forth. A further allegation that during the period barred by the statute defendant had omitted to pay over sums received within a thirty day statutory period was only surplusage.

 Colorado is now to be numbered among those jurisdictions where the act averred in the indictment must appear to have been committed within the period prescribed by the statute of limitations (42 C.J.S. 1010; 1011) or an exception must be set forth. Thus we conclude that if the indictment avers two dates, one of which is so remote as to be barred by the statute of limitations, it is defective. *Harwell v. State* (1901) (Tex. Cr.), 65 S.W. 520.

 The indictment before us contains no allegation of any specific offense committed within eighteen months of the date the indictment was returned, hence the trial court has no jurisdiction to try Bustamante on the charge set forth therein. We are not impressed with the argument of respondent that there were several offenses occurring *within* the eighteen months period included in this indictment, and that those not barred by the statute may be prosecuted thereunder. The state

made a blanket charge of one total sum and the trial court cannot consider any evidence in weighing the validity of this indictment.

In *Treadwell v. District Court of Denver* (1956), 133 Colo. 520, 297 P. (2d) 891, we held that prohibition is the proper remedy to invoke in a civil action where a district court is proceeding without jurisdiction of the person of the defendant.

Prohibition has also been held to be applicable to restrain a trial court from proceeding with a criminal trial when it has no jurisdiction over the subject matter. *Ray v. Stevenson* (1941), 71 Okl. Cr. 339, 111 P. (2d) 824. The writ cannot be sued for appealing cases on the installment plan and it will not be issued on account of irregularities where the trial court had both jurisdiction of the subject matter and of the person of the defendant. *Corley v. Adair County Court* (1913), 10 Okl. Cr. 104, 134 Pac. 835.

In *Moss v. Arnold* (1938), 63 Okl. Cr. 343, 75 P. (2d) 491, 498, the court said:

" 'Prohibition' is commonly defined, substantially, as a writ to prevent the exercise by a tribunal possessing judicial powers of jurisdiction over matters not within its cognizance, or exceeding its jurisdiction in matters of which it has cognizance. * * *

"The general rule is that the writ may not be used to test the sufficiency of an information; but this is subject to qualification, recognized in almost every jurisdiction, that where the accusation is not merely defective or technically insufficient, nor merely demurrable or subject to a motion to quash or set aside, but is elementary and fundamentally defective in substance, so that it charges a crime in no manner or form, the accused is entitled to have a writ of prohibition issue, or where it appears that the information charges an offense not within the jurisdiction of the trial court."

In the instant case the trial court, though having jurisdiction of Bustamante, is without jurisdiction to try

him under this indictment, hence a trial would be a useless act, an expense to the public and to the defendant who could not be legally sentenced even if convicted under this indictment. As we have stated earlier, the statute of limitations in a criminal case is not merely a defense that may be asserted at the trial as in civil matters, but denies jurisdiction to prosecute an offense not committed within the period limited.

42 Am. Jur. 161, §24, states the rule to be:

"As has been stated above, a writ of prohibition is proper, not only in cases where the lower tribunal has no legal authority to act at all, but also in cases wherein such inferior tribunal, although having general jurisdiction over a particular class of cases, has exceeded such jurisdiction in the particular case. Therefore, prohibition may issue to prevent a court from . . . proceeding against the express prohibition of a statute or where an adequate and exclusive remedy to obtain certain relief is provided by statute and the inferior court proceeds by another remedy . . ."

We conclude that prohibition is the proper remedy for relief under the facts here presented.

The Rule to Show Cause is made absolute.

MR. JUSTICE MOORE and MR. JUSTICE HALL not participating.