CHARLES CARROLL, Chief Judge.
The appellee James C. Dayton, who was an employee of the tax assessor of Metropolitan Dade County, and the appellee George Vizenthal were informed against, charged with certain counts of grand larceny and with conspiring to commit grand larceny. Dayton pleaded not guilty and moved to quash the information, claiming immunity as a result of having testified before a grand jury on related matters.[1] His motion was granted. The trial court also granted a motion of the defendant Vizenthal to quash the conspiracy count for insufficiency. The state appealed, as authorized by § 924.07(1) Fla.Stat., F.S.A.
Under § 2-51 of the Code of Metropolitan Dade County, a county employee who refuses to testify before a grand jury with reference to the matter under investigation on the ground that his testimony or answers would tend to incriminate him, or to waive immunity from prosecution on account of any matter regarding which he may be asked to testify on such appearance, is subject to forfeiture of his office or position.
Before the grand jury Dayton was warned of that provision, and in answer to a question, stated his waiver of immunity made there was not done in fear thereof.
The Code of Metropolitan Dade County contains another provision applicable to this case (§ 2-55), to the effect that in like circumstances the employee witness would be subject to an offense punishable by a fine not to exceed $1,000 or imprisonment for not more than one year, or both.
Dayton was not warned by the grand jury as to the latter code provision, and he made no statement there to the effect that he was waiving immunity without reference to compulsion of that ordinance. On the contrary, his affidavit filed in support of his motion to quash the information on grounds of immunity stated that he had knowledge of both ordinances prior to his appearance before the grand jury, and that his waiver of immunity was made under the. compulsion thereof.
On carefully reviewing the record, including the testimony taken in the trial court on the motion to quash, we must reject the state’s contention that the holding of the trial court, that Dayton’s waiver of immunity was involuntary, was against the manifest weight of the evidence. On the facts and circumstances presented we affirm that portion of the trial court’s order, on authority of State v. Buchanan, Fla.App.1968, 207 So.2d 711; Garrity v. State of New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562.
The state argues that Dayton’s testimony and waiver of immunity before the grand jury were voluntary in fact, citing State ex rel. Hemmings v. Coleman, 137 Fla. 80, 187 So. 793, in which it was held that it is not a violation of one’s constitutional rights to compel his testimony before a grand jury, on self-incriminating matters, when he voluntarily waives his immunity privilege and makes no objection to testifying on account of privilege. That case is inapplicable. This is so because when a statute or ordinance prescribes loss of position or a criminal penalty for one so called before a grand jury to fail or refuse to waive immunity, the problem is not eliminated by his signing a waiver, and the question is whether the waiver in fact was voluntary, or was given as the lesser of two ills under the compulsion to choose “between the rock and the whirlpool.”
*89 The existence of the compulsive ordinance would not necessarily result in such immunity for an employee who signed a waiver of immunity. The waiver, if knowingly and voluntarily made, would be effective, and whether it is so made in a given instance is a question of fact. The record in this case would support a finding of voluntariness notwithstanding the ordinance relating to loss of position, but such is not the case as to the other ordinance which prescribed the criminal penalties. As to the latter, the trial court’s ruling granting immunity to Dayton was correct and required under Garrity v. State of New Jersey, supra.
We next consider the contention of the state that the trial court committed error by granting the motion of Vizenthal to quash the conspiracy count. Count 1 of the information alleged that the defendants “between the 1st day of April, 1965 and the 24th day of February, 1967, in the county and state aforesaid, did agree, conspire, combine or confederate to commit grand larceny, and, in furtherance of said conspiracy,” etc. The order of the trial court quashing the conspiracy count stated: “The court finds that Count 1 of the information charging the defendants with conspiracy to permit [sic] grand larceny is vague, uncertain and indefinite in that it encompasses a period of ten months within which the offense is alleged to have been committed and would embarrass the defendant in the preparation of his defense.”
In contending for the sufficiency of the conspiracy count, the state cites and relies upon two Florida decisions dealing with indictments for embezzlement, and a Maryland case and six federal cases dealing with conspiracy indictments, viz: Black v. State, 77 Fla. 289, 81 So. 411; Revell v. State, 85 Fla. 402, 96 So. 156; Scarlett v. State, 201 Md. 310, 93 A.2d 753; Ex parte Montgomery (D.C.1917), 244 F. 967; Jollit v. United States, 5 Cir.1923, 285 F. 209; Remus v. United States, 6 Cir.1923, 291 F. 501; Schefano v. United States, 5 Cir.1936, 84 F.2d 513; Pinkerton v. United States, 5 Cir.1944, 145 F.2d 252; United States v. Stromberg, D.C.S.D. N.Y.1957, 22 F.R.D. 513.
An examination of those cases reveals that they do not support the state’s position. In the Florida case of Black v. State, supra, an indictment was approved which alleged that the defendant, a tax collector, received monies for payment of taxes during a stated period, and then alleged his embezzlement thereof on a subsequent named date. The other Florida case cited (Revell v. State, supra) was similar. The indictment alleged that during a period from October 4, 1918, to October 2, 1920, certain amounts were received by the defendant, a circuit court clerk, for purchase and redemption of tax certificates belonging to the state, and alleged that he embezzled said monies on October 2, 1920. In the cited Maryland case and federal cases, which involved indictments for conspiracy that were upheld, the conspiracy was alleged to have been entered into on or about the first date of a period named, and to have continued throughout or during the period. The material distinction between those cases presented by the state and the instant case is that here the information did not allege that the conspiracy was entered into on or about the first of April 1965, and that it continued until February 24, 1967, or until the alleged unlawful acts pursuant thereto were committed. It amounted only to an allegation, as to the conspiracy, that it was entered into between April 1, 1965, and February 24, 1967. In that posture, the conspiracy count was properly rejected by the trial court.
Affirmed.

. Section 932.29 Fla.Stat., F.S.A., -which provides that persons shall not be excused from testifying before a grand jury investigating certain designated crimes including grand larceny, grants immunity to one so testifying as to “any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise.”