**F.L. NOWAKOWSKI, Petitioner,**

v.

**The DISTRICT COURT In and For the COUNTY OF DENVER, State of Colorado, and the Honorable Raymond Dean Jones, one of the Judges thereof, Respondents.**

**No. 83SA54.**

Supreme Court of Colorado,
En Banc.

June 13, 1983.

---

Theodore S. Halaby, P.C., Theodore S. Halaby, Jonathan A. Cross, Denver, for petitioner.

Sheldon Emeson, J. Bruce Teichman, Denver, for respondents.

ROVIRA, Justice.

This is an original proceeding, brought pursuant to C.A.R. 21, challenging the trial court's refusal to grant petitioner's motion to dismiss. We issued a rule to show cause and now discharge the rule.

This proceeding arose out of an action by Michael Beeson against the City of Wheat Ridge, the Mountain States Telephone and Telegraph Company, and F.L. Nowakowski, a Wheat Ridge police detective. The action was one for false arrest and imprisonment and malicious prosecution and included a claim for relief under 42 U.S.C. § 1983. Beeson had been charged with criminal tampering pursuant to section 18-4-506, C.R.S.1973 (1978 Repl.Vol. 8), but the complaint was dismissed because of insufficient evidence.

The City of Wheat Ridge and Nowakowski moved to dismiss[1] on the ground that notice provisions of the Colorado Governmental Immunity Act (CGIA) had not been complied with. Sections 24-10-109,[2] 24-10-118,[3] C.R.S.1973 (1982 Repl.Vol. 10).

---

1. Beeson's claims against Mountain States Telephone and Telegraph have been voluntarily dismissed.

2. Section 24-10-109(1), C.R.S.1973 (1982 Repl. Vol. 10), provides:

"Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury. Substantial compliance with the notice provisions of this section shall be a condition precedent to any action brought under the provisions of this article, and failure of substantial compliance shall be a complete defense to any such action."

3. Section 24-10-118, C.R.S.1973 (1982 Repl. Vol. 10), provides in part:

"(1) Any action against a public employee, whether brought pursuant to this article, section 29-5-111, C.R.S.1973, the common law, or otherwise, which lies in tort, and which arises out of injuries sustained from an act or omission of such employee occurring during the performance of his duties and within the scope of his employment, shall be subject to the following requirements and limitations, regardless of whether or not such action against a public employee is one for which the public entity might be liable for costs of defense or payment of judgment or settlement under section 24-10-110:

(a) Filing of the notice required by section 24-10-109 with the public entity, in the form and within the time provided by section 24-

Judge Fullerton of the Denver District Court granted the motion to dismiss Wheat Ridge, but denied Nowakowski's motion. He held that Beeson failed to give notice to the City within 180 days after the date of discovery of the injury and that such notice is a condition precedent to bringing suit against the city for the tort of its employee. He also determined that the action against Nowakowski was not barred because Beeson had complied with section 29–5–111, C.R.S.1973 (1977 Repl.Vol. 12),[4] by serving Wheat Ridge within ten days of service of a copy of the summons on Nowakowski.

The case was transferred to the respondent trial judge, who denied Nowakowski's motion to reconsider. Nowakowski now seeks a writ of prohibition to prevent the district court from proceeding further. He argues that since compliance with the notice requirement of the CGIA is jurisdictional, the trial court is proceeding without jurisdiction.

We do not agree that compliance with notice provisions of the CGIA is jurisdictional. Consequently, petitioner's remedy is to be sought under normal appellate procedures.

The language of section 24–10–109(1), C.R.S.1973, is ambiguous. On the one hand, the phrase "condition precedent" in the statute favors of a conclusion that proper notice is essential to the court's jurisdiction. On the other hand, the phrase "complete defense" favors a conclusion that it is not a jurisdictional question. We have previously stated, albeit in dictum, that the CGIA "terminology is not the language of a jurisdictional bar." *In re Estate of Daigle,* 634 P.2d 71, 77 n. 11 (Colo.1981).

■ The notice statute is not technically a statute of limitations, but is, instead, a statute of creation with a condition as to time. *See* 51 Am.Jur.2d *Limitation of Actions* §§ 15, 21. We have, however, interpreted the statute as one of limitation. *See, e.g., State v. Young,* 665 P.2d 108 (Colo., 1983); *Antonopoulos v. Telluride,* 187 Colo. 392, 532 P.2d 346 (1975). *Antonopoulos* held that a claimant under disability, such as a minor, is relieved from the duty of giving notice until removal of the disability.[5]

■ Under principles applicable to civil statutes of limitation, running of the statute does not deprive the court of jurisdiction. In *Bustamante v. District Court,* 138 Colo. 97, 104, 329 P.2d 1013, 1016 (1958), we distinguished between civil and criminal statutes of limitations as follows:

"It has been said that statutes of limitation in criminal cases create a bar to the prosecution, while in civil cases they are merely statutes of repose, and that the time within which an offense is committed is a jurisdictional fact in all cases subject to limitation."

We held that a criminal statute of limitations could be raised "any time and in [any] manner." 138 Colo. at 103, 329 P.2d at 1016. A civil statute of limitations, on the other hand, is not jurisdictional. Under C.R.C.P. 8(c), it is an affirmative defense that is waived if not pleaded.

■ Because compliance with the notice provisions of the CGIA is not essential to

10–109, shall be a condition precedent to any such action against a public employee, and failure of substantial compliance shall be a complete defense to any such action against a public employee. Any such action against a public employee shall be commenced within the time period provided for that type of action in articles 80 and 81 of title 13, C.R.S. 1973, relating to limitation of actions, or it shall be forever barred."

4. Section 29–5–111(1), C.R.S.1973 (1977 Repl. Vol. 12), provides in part:
   "Notwithstanding the doctrines of sovereign immunity ... a city ... shall indemnify its

paid peace officers for any liability incurred by them and for any judgment, ... entered against them for torts committed within the scope of their employment if the person claiming damages serves such political subdivision with a copy of the summons within ten days from the date when a copy of the summons is served on such peace officer."

5. *Antonopoulos* also held that the CGIA had no effect on a peace officer's vulnerability to suit. Section 24–10–118 has since been amended to make clear that it includes actions brought under section 29–5–111, C.R.S.1973 (1977 Repl. Vol. 12).

the court's jurisdiction, and because there has been no showing that an appeal is an inadequate remedy, a writ of prohibition is inappropriate in this case. *See Public Service Co. v. District Court,* 638 P.2d 772 (Colo.1981); *Vaughn v. District Court,* 192 Colo. 348, 559 P.2d 222 (1977).

The rule is discharged.