Donetta DAVIDSON, Secretary of State of Colorado, Defendant–Appellant,

v.

The COMMITTEE FOR GAIL SCHOETT-LER, INC.; Coloradans for Western Values; and Judith Wagner, Plaintiffs–Appellees.

No. 00SA154.

Supreme Court of Colorado, En Banc.

June 4, 2001.

Ken Salazar, Attorney General, Maurice G. Knaizer, Deputy Attorney General, State Services Section, Denver, CO, Attorneys for Defendant–Appellant.

Isaacson, Rosenbaum, Woods & Levy, P.C., Mark G. Grueskin, Edward T. Ramey, Blain D. Myhre, Denver, CO, Attorneys for Plaintiff–Appellee The Committee for Gail Schoettler.

Moye, Giles, O'Keefe, Vermeire & Gorrell LLP, John E. Moye, Guadalupe J. Sisneros, Denver, CO, Attorneys for Plaintiffs–Appellees Coloradans for Western Values and Judith Wagner.

Godfrey & Lapuyade, P.C., Bruce B. McLarty, Denver, CO, Attorneys for Amici Curiae Colorado Common Cause and the League of Women Voters.

Justice KOURLIS delivered the Opinion of the Court.

This case is before the court under section 13–4–102(1)(b), 5 C.R.S. (2000), upon direct appeal of a district court ruling holding portions of the prior version of the Fair Campaign Practices Act (FCPA), specifically sections 1–45–104(2) and (7), 1 C.R.S. (1999) (repealed 2000), unconstitutional.

Because during the pendency of this case, the General Assembly repealed and reenacted the FCPA with significant changes, and because the Administrative Law Judge (ALJ) order forming the basis for the district court's review would have no further enforceability, we find this action moot and accordingly dismiss it.

## I.

Colorado Common Cause and the League of Women Voters filed a complaint under the prior version of the FCPA with the Secretary of State alleging violations of the FCPA by The Committee for Gail Schoettler, Inc. (Committee), Coloradans for Western Values (CWV) and Judith Wagner (Wagner). The Secretary of State referred it to an administrative law judge for hearing.

The hearing occurred on September 2, 1998. The ALJ made various findings. She found that Wagner violated FCPA section 1–45–107 by purchasing 400 tee-shirts with Gail Schoettler campaign slogans on the front and back at a cost of $3,364.00, and delivering the tee-shirts to the campaign headquarters for distribution the next day by campaign volunteers at the site of a political convention. The ALJ concluded that the tee-shirts were a donation, within the meaning of section 1–45–103(4)(IV), 1 C.R.S. (2000) and that Wagner violated the Act by failing to file a timely

Notice of Independent Expenditure for the tee-shirts, and by failing to place the proper disclosures on them. The ALJ also concluded that the Committee violated the Act by accepting contributions in excess of the amount permitted by law under former section 1–45–104.

Additionally, the ALJ found that Wagner formed a nonprofit corporation called CWV on July 2, 1998 and did not register CWV as a political committee. Wagner received nine checks from other individuals, totaling $185.00 that she deposited to the account of CWV. Additionally, she deposited $30,000 of her own funds into the account on July 13, 1998. Wagner contracted for radio advertisement spots in support of Gail Schoettler's candidacy for Governor, and paid the sum of $29,500 for those advertisements. She did file a timely Notice of Independent Expenditures, identifying CWV as the source of funds for the advertisements. The ALJ concluded that CWV constituted a political committee under section 1–45–103(10)(a), and that it failed to comply with the registration and disclosure requirements of section 1–45–108, 1 C.R.S. (1999) (amended 2000).

At the end of the ALJ's Order, she outlined the possible penalties attendant upon violations of the FCPA and directed the Secretary of State to "notify the Attorney General and the appropriate district attorney pursuant to Section 1–45–111(2)(a), [1 C.R.S (1999) (amended 2000)]."

The Committee, CWV and Wagner (Respondents) filed an action with the district court pursuant to section 24–4–106(2), 7 C.R.S. (2000). That section, which appears in the Administrative Procedures Act, provides that "[f]inal agency action under this or any other law shall be subject to judicial review as provided in this section." *Id.*

The Secretary of State filed a motion to dismiss, arguing that the court lacked subject-matter jurisdiction because the ALJ's decision did not constitute final agency action. The district court denied that motion.

The district court issued its order on October 20, 1999, holding section 1–45–104(2) and (7) unconstitutional and otherwise affirming the ALJ's decision. Specifically, the district

court adopted the decision of the United States District Court for the District of Colorado in *Citizens for Responsible Government State Political Action Committee v. Buckley*, 60 F.Supp.2d 1066, 1087, 1089, (D.Colo.1999), *vacated as moot*, 236 F.3d 1174, 1182 (10th Cir.2000), holding the contribution limits contained in section 1–45–104(2) and (7) unconstitutional. Accordingly, the district court overturned the ALJ's conclusion regarding violations of the FCPA by Wagner and the Committee regarding the tee-shirts and vacated all related sanctions. The district court also reversed the ALJ's conclusion that Wagner and CWV had violated the FCPA by making and accepting improper contributions to a political committee. The district court affirmed only the ALJ's conclusion that CWV was a political committee, and that it violated the disclosure requirements.

The Secretary appealed to this court, asking this court to rule: that the district court had no subject-matter jurisdiction under section 24–4–106, 7 C.R.S. (2000); that the ALJ order did not constitute final agency action; that the district court could not consider the constitutionality of the FCPA without conducting a trial and taking evidence; and ultimately asking that the court declare sections 1–45–104(2) and (7) constitutional.

Because we determine that the case is moot, we decline to address any of the substantive issues.

## II.

■ The Secretary asks us to decide issues that relate to the workings, and ultimately the constitutionality of an Act that is no longer the law.

On March 15, 2000, the Colorado General Assembly substantially amended the FCPA. Ch. 36, sec. 1–15, §§ 1–45–103 to –114, 2000 Colo. Sess. Laws 118, 118–29. The changes are numerous, and include complete repeal of the contribution limits under former section 1–45–104 and replacement of that section with new section 1–45–105.3, 1 C.R.S. (2000); and substantial revision to the disclosure provisions of section 1–45–108.

Furthermore, the General Assembly changed the portion of the statute that deals with the process by which courts review ALJ orders. The prior version of the statute contained no specific procedure by which a respondent could seek review of an ALJ finding of a violation of the FCPA. That omission caused Respondents to seek review by the district court under the general provisions of the Administrative Procedures Act. The General Assembly has now addressed the problem and specified that, "The decision of the Administrative Law Judge shall be final and subject to review by the court of appeals, pursuant to section 24–4–106(11). The decision may be enforced by the secretary of state or by the person filing the complaint." § 1–45–111(2)(a).

■ Courts must confine their exercise of jurisdiction to cases that present a live case or controversy. A case is moot when the court's ruling would have no practical legal effect. *Van Schaack Holdings, Ltd. v. Fulenwider*, 798 P.2d 424, 426 (Colo.1990). Here, the General Assembly has repealed the statute on which the court is being asked to rule. A ruling by this court regarding a statute no longer in effect is presumptively moot, absent some express circumstance that dictates otherwise. *Anema v. Transit Constr. Auth.*, 788 P.2d 1261, 1264 (Colo. 1990).

### A.

The Tenth Circuit Court of Appeals dealt with this precise question. It addressed the federal district court order holding the campaign contribution limitations unconstitutional the same order upon which the district court in this case relied for a similar conclusion. On December 26, 2000, the Tenth Circuit concluded that the change in the FCPA rendered any challenge to the validity of the repealed provisions moot. *Citizens for Responsible Gov't State Political Action Comm.*, 236 F.3d 1174, 1182 (10th Cir.2000). That court held that "the parties have no legally cognizable interest in the constitutional validity of an obsolete statute." *Id.* Accordingly, it vacated the district court's orders dealing with those issues.

### B.

The Secretary argues that the case is not moot because the Attorney General may bring an action pursuant to the FCPA as it existed at the time of the alleged violations, and because the case involves matters of great public importance since the constitutionality of the old contribution limits is still at issue in other litigation. All of those arguments were made to and rejected by the Tenth Circuit. Similarly, we find them unpersuasive.

First, we decline to afford the Secretary an exception to the mootness doctrine on grounds that she may decide to prosecute these parties or others based upon the previous version of the FCPA. We note that neither the Attorney General nor any of the private parties have at any time instituted actions for enforcement of the ALJ's order against the Committee, Wagner or CWV. The ALJ issued her order over two and one-half years ago. To commence such litigation at this late date, the prosecuting party would have to avoid operation of strict statutes of limitation such as the one-year statute under section 1–45–113(2), 1 C.R.S. (2000). The Secretary argues that equitable tolling would negate the dictates of the statute, because of the pendency of the federal litigation. Equitable tolling certainly does not apply to criminal causes of action and has only speculative application to the remaining civil causes of action that the Secretary or other Petitioners could file. *See Bustamante v. Dist. Court,* 138 Colo. 97, 104, 329 P.2d 1013, 1016 (1958). The only tolling allowed in criminal cases is by statute. § 16–5–401, 6 C.R.S. (2000).[1] We conclude that the likelihood of additional proceedings against these Respondents on the basis of violation of now superseded provisions of the FCPA is far too conjectural to afford us a basis for exercising jurisdiction.

Second, we agree with the Tenth Circuit that the Secretary's concerns regarding other pending litigation in which the constitutionality of the prior statutes may be raised is collateral to our present case. *Citizens for Responsible Gov't State Political Action Comm.,* 236 F.3d at 1184. By our ruling today, we do not impact other litigants' rights to raise the constitutionality of the prior statutes in the context of a live controversy.

Lastly, the Secretary suggests that we should address the substantive issues because our conclusions may color the federal court's ultimate determination as to which party has prevailed in the federal litigation for purposes of assessing attorney fees. Although we by no means discount the importance of attorney fee decisions to the parties in a case, the question of attorney fees in a related case cannot alone resurrect this case from operation of the mootness doctrine.

Accordingly, we agree with the Tenth Circuit Court of Appeals and conclude that this case is moot.

### III.

Having determined that the case is moot, we vacate the judgment of the district court and that of the ALJ in order to clear "the path for future relitigation of the issues ... and eliminat[e] a judgment, review of which was prevented through happenstance." *Van Schaack,* 798 P.2d at 427.

Chief Justice MULLARKEY does not participate.

---

1. In addition to abolishing equitable tolling in criminal cases, the legislature has abolished all common law defenses and offenses. *See* § 18–1–104(3), 6 C.R.S. (2000).