The PEOPLE of the State of Colorado, Appellant, In the Interest of D.G., A Child, Appellee,

and Concerning N.G., Appellee.

The PEOPLE of the State of Colorado, Appellant, In the Interest of J.C.S., A Child, Appellee,

and Concerning F.S., Appellee.

No. 85SA148.

Supreme Court of Colorado,
En Banc.

March 9, 1987.

Rehearing Denied March 30, 1987.

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, Brighton, for appellants.

David F. Vela, Colorado State Public Defender, Daniel L. Recht, Deputy State Public Defender, Brighton, for appellees.

VOLLACK, Justice.

The People appeal from a written ruling of the juvenile court judge, which held a sentencing provision of the Colorado Children's Code unconstitutional based on denial of due process and equal protection of the law. Appellees D.G. and J.C.S. had both been adjudicated delinquent and placed on probation. Both had allegedly engaged in acts which, if proven, would result in revocation of their probation. The prosecution filed a petition to revoke each juvenile's probationary status. The appellees filed a motion requesting a preliminary hearing and jury trial; the motion was denied because the Children's Code does not provide a preliminary hearing and jury trial in conjunction with a probation revocation proceeding. After denying the motion, the judge went on to find the pertinent provisions of the Children's Code unconsti-

tutional. He advised the district attorney that he would not consider himself bound by the mandatory sentencing provision of the statute which he believed to be unconstitutional.

The prosecution appealed directly to this court pursuant to section 16–12–102(1), 8B C.R.S. (1986), because legislation had been "adjudged inoperative or unconstitutional." [1] We reverse.

## I.

Two juvenile proceedings are presented on appeal. Appellee D.G. is a minor child who has twice been adjudicated delinquent. At his second adjudication, D.G. was granted probation. While on probation, D.G. was alleged to have committed acts which would be felonies if committed by an adult. The prosecution may proceed either by filing a new petition for adjudication under § 19–3–101, based on the new acts, or by filing a petition to revoke probation. The result of D.G.'s probation revocation would have been his designation as a mandatory sentence offender. If D.G. were instead adjudicated a delinquent pursuant to a new petition, he would fall under the same mandatory sentence provisions because any combination of three adjudications or revocations results in mandatory sentence offender status.

A mandatory sentence offender is a child who:

(a)(I) Has been *adjudicated* a delinquent child *twice; or*

(II) Has been *adjudicated* a delinquent child *and* whose *probation* has been *revoked* for an act which would constitute a crime if committed by an adult; *and*

(b)(I) Is *subsequently adjudicated* a delinquent child; *or*

(II) Has *probation revoked* for an act which would constitute a crime if committed by an adult.

§ 19–1–103(19.5), 8B C.R.S. (1986) (emphasis added).

This mandatory sentence offender designation requires the court to sentence a juvenile under section 19–3–113.1, 8B C.R.S. (1986). Under this section, the court is required to place the juvenile "out of the home for not less than one year" (unless the child has made a showing of exemplary behavior or is eighteen or older at the dispositional hearing). § 19–3–113.-1(2)(b)(I–II), 8B C.R.S. (1986).

In contrast, appellee J.C.S. had only one previous adjudication, on which he had been granted probation. The prosecution sought to revoke his probation due to alleged acts by him which would be felonies if committed by an adult. Revocation of J.C.S.' probation would have resulted in his classification as a repeat juvenile offender; a third adjudication or probation revocation would then result in his classification as a mandatory sentence offender.

A repeat juvenile offender is:

a child, previously adjudicated a delinquent child, who is adjudicated a delinquent child for an offense which would constitute a felony if committed by an adult or whose probation is revoked for an offense which would constitute a felony if committed by an adult.

§ 19–1–103(23.5), 8B C.R.S. (1986). The minimum one year out-of-home placement provision set forth above does not apply to a repeat offender.

The trial court held that the statutory scheme under which probation revocation triggered mandatory sentence offender status was unconstitutional. The court's order stated that "those provisions of the Code which place added emphasis on probation revocation proceedings for alleged

1. Section 16–12–102(1), 8A C.R.S. (1986), reads in pertinent part:

If any act of the general assembly is adjudged inoperative or unconstitutional in any criminal case, it is the duty of the district attorney of the judicial district in which the court mak-

ing such decision is situated to appeal on behalf of the people of the state of Colorado, unless the same issue of constitutionality is already pending before a reviewing court in another case.

criminal violations" deny equal protection and due process of law. The parties do not dispute that, based on the same allegedly illegal act, the prosecutor may choose whether to file a petition for another adjudication or a petition to revoke probation. Because a new adjudication of delinquency carries the attendant right to a preliminary hearing and jury trial, while the probation revocation does not, the judge ruled that juveniles are denied due process and equal protection of law. Having found the statutory provision unconstitutional, he refused to sentence a mandatory sentence offender under the statute. We must determine whether this delegation of discretion, permitting the prosecutor in a juvenile proceeding to elect between filing a new delinquency petition or filing a revocation of probation for the same act, violates equal protection and due process.

## II.

### A.

Procedural due process requires notice and an opportunity to be heard. *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Proceedings in juvenile cases need not be conducted according to the procedures in adult criminal law, and need not take any particular form, "so long as the essentials of due process and fair treatment are accorded." *People v. J.A.M.,* 174 Colo. 245, 249, 483 P.2d 362, 364 (1971).

When a juvenile is alleged to have violated probation, the court is statutorily required to: a) set a hearing on the alleged violation; b) give notice to the child and his parents or legal custodian and any other parties; and c) provide the child and his parents or legal custodian with a written statement concerning the alleged violation. The juvenile has the right to be represented by counsel at the hearing and is entitled to issuance of compulsory process for the attendance of witnesses. § 19–3–117(3)(a-b), 8B C.R.S. (1986).[2] If the revocation is based on the allegation that a child has committed another offense, the prosecution must prove its case beyond a reasonable doubt. *People in Interest of C.B.,* 196 Colo. 362, 366, 585 P.2d 281, 284 (1978).

The statutory provisions governing mandatory sentence offenders do not deny due process of law. First, the provisions of the Children's Code clearly provide for notice "and a full hearing on the matter to determine whether these conditions and terms [of the probation] were in fact violated." *People in the Interest of D.R.,* 29 Colo.App. 525, 530, 487 P.2d 824, 826 (1971). Second, the prosecution must establish the alleged criminal offense beyond a reasonable doubt. Because the statutory scheme provides for notice, a hearing, and the requirement of proof beyond a reasonable doubt, we find there is no denial of due process.

### B.

Having determined that the sentencing provision, when read in conjunction with section 19–3–117, does not violate due process of law, we consider the equal protection argument.

The People argue that the statutory scheme does not deny equal protection as guaranteed by the fourteenth amendment of the United States Constitution, and article II, section 25, of the Colorado Constitution.[3] The right to equal protection guarantees that "all parties who are similarly situated receive like treatment by the law." *J.T. v. O'Rourke,* 651 P.2d 407, 413 (Colo. 1982). When a juvenile is alleged to have violated the terms and conditions of probation, the district attorney must make a discretionary decision. The prosecutor can file a new petition for adjudication, and the

---

2. The hearing is otherwise conducted pursuant to section 19–1–107, which controls juvenile hearing procedures in general.

3. The fourteenth amendment to the United States Constitution states in part that "no state shall deny to any person within its jurisdiction the equal protection of the laws," and a similar guarantee is implicit in the due process clause of the state constitution.

juvenile then has the right to a preliminary hearing and jury trial. The prosecutor can also elect to file a petition for revocation of probation, and the juvenile will not have the right to a preliminary hearing and jury trial, although he will receive notice and have the right to a hearing at which the district attorney must prove the allegations beyond a reasonable doubt. The issue is whether the 1977 amendment to the Children's Code, resulting in this grant of prosecutorial discretion, denies equal protection of the law to juveniles.

■ The alleged classification here is not based on "an unjustifiable standard such as 'race, religion, or any other arbitrary classification.'" *People v. Thorpe*, 641 P.2d 935, 940 (Colo.1982). Accordingly, we are required to apply the rational relation test. "'Only in those cases where the challenged statute singles out individuals in a suspect class, such as race, or involves the exercise of a fundamental right, will this court require more than a rational basis to support the legislative classification.'" *People v. Lacey*, 723 P.2d 111, 115 (Colo.1986) (quoting *People v. Gutierrez*, 622 P.2d 547, 555 (Colo.1981)) (enhanced sentencing statute declared constitutional). The legislature is permitted to adopt any classification as long as the classification bears a reasonable relation to a proper legislative purpose and is not arbitrary or discriminatory. *People v. McKenzie*, 169 Colo. 521, 458 P.2d 232 (1969).

■ We addressed a similar equal protection challenge to the Children's Code in *People v. Thorpe*. In *Thorpe*, the petitioner argued that because the Children's Code gives the prosecutor a choice whether to charge a fourteen-year-old violent offender as an adult or as a juvenile, the statute denied the petitioner equal protection. We disagreed. Applying the same "reasonable relation to a proper legislative purpose" test, this court determined that "the conscious exercise of selectivity in the enforcement of laws is not in itself a constitutional violation of equal protection." *Thorpe*, 641 P.2d at 940. We found it "not unreasonable" to treat "certain repeat offenders"

differently than others. Accordingly, we found in *Thorpe* that the legislature's delegation of discretion to the district attorney was not an equal protection violation.

In *Myers v. District Court*, we addressed a similar constitutional challenge to a statutory grant of prosecutorial discretion. The petitioner challenged the Children's Code in *Myers* because it gave the district attorney discretion whether to proceed against certain juveniles as either adults in district court or as juvenile offenders in juvenile court. Acknowledging that a district court proceeding may result in a "potentially greater penalty," we held that the discretion delegated to the prosecutor did not violate due process or equal protection. *Myers*, 184 Colo. 81, 85, 518 P.2d 836, 838 (1974).

If the prosecutor here elects to file a revocation of probation, and if the alleged act is proven at the hearing beyond a reasonable doubt, then a three-time offender like D.G. becomes a mandatory sentence offender. As such, the sentencing provisions of 19–3–113.1(2) are triggered. The judge

> shall place or commit a mandatory sentence offender out of the home for not less than one year; except that:
>
> (I) If the person is eighteen years of age or older on the date of a dispositional hearing, the court may sentence that person to the county jail or to a community correctional facility or program for a period not to exceed one year, if he has been adjudicated a mandatory sentence offender pursuant to section 19–1–103(19.5) for acts committed prior to his eighteenth birthday; or
>
> (II) The child or person may be released by the committing judge upon a showing of exemplary behavior.

§ 19–3–113.1(2)(b), 8B C.R.S. (1986).

The one year out-of-home placement still leaves a certain amount of discretion with the juvenile court judge. The only restriction is that the juvenile be out of the home for a year; the minor child need not necessarily be incarcerated. The judge is free to make a variety of dispositions, including

but not limited to placing legal custody in another person or agency, placement of the child in a family care home or facility, or placement with the Department of Institutions. Furthermore, the time period of one year is not a maximum, nor is it greater than what the judge could originally have imposed instead of probation. The judge can reject this one year placement "[u]pon a showing of exemplary behavior."

We conclude that the legislature did not unconstitutionally delegate discretion to the district attorney, and the 1977 amendments do not result in a denial of due process and equal protection. Accordingly, we reverse and remand for proceedings consistent with this opinion.

ROVIRA, J., does not participate.