**The PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of M.C., Minor Child–Appellant,**

**And Concerning, V.C., Respondent.**

No. 86CA0708.

Colorado Court of Appeals, Div. II.

Sept. 10, 1987.

Rehearing Denied Oct. 8, 1987.

Certiorari Granted (People) Feb. 22, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy E. Nelson, Asst. Atty. Gen., Denver, for petitioner-appellee.

David F. Vela, Colorado State Public Defender, Victor Reyes, Deputy State Public Defender, Pueblo, for minor child appellant.

SMITH, Judge.

M.C. appeals the order of the district court denying his Crim.P. 35(c) motion to vacate an illegal sentence. We affirm.

At age seventeen, M.C. admitted the allegations of a delinquency petition that asserted he had been in possession of less than one ounce of marijuana, and he was adjudicated a delinquent child. Prior to the dispositional hearing, he turned eighteen, and, pursuant to § 19–3–113, C.R.S. (1986 Repl.Vol. 8B), the juvenile court committed him to the Department of Institutions for two years, stayed the commitment, and granted him probation for up to two years.

M.C. subsequently filed a Crim.P. 35(c) motion alleging that this sentence was illegal and a violation of his right to equal protection of the laws because the maximum possible penalty an adult could receive for committing the same act was a $100 fine. The court denied the motion and this appeal followed.

■ We reject M.C.'s contention that the sentence imposed represents a denial of equal protection in that it differs from the maximum penalty that an adult may receive for the act of possession of less than one ounce of marijuana.

■ The right to equal protection under the law guarantees that all parties who are similarly situated will receive like treatment by the law. *People in Interest of D.G.*, 733 P.2d 1199 (Colo.1987). Accordingly, the first prerequisite to a meritorious equal protection claim is a showing that the state has adopted a classification that affects similarly situated groups in an unequal manner. *In re Eric J.*, 25 Cal.3d 522, 159 Cal.Rptr. 317, 601 P.2d 549 (1979). That is not the case here.

■ In spite of the fact that M.C. was eighteen at the time of the dispositional hearing, he was only seventeen at the time he committed the act complained of and therefore was a child subject to the provisions of the Children's Code. *See* §§ 19–1–103(2) & (3), and 19–3–118, C.R.S. (1986 Repl.Vol. 8B). The age at which the acts were committed is the determinative factor, not the age at which disposition was imposed.

Merely because the General Assembly has decided that eighteen would be the age after which an individual's actions would be considered those of an adult does not change the fact that when M.C. committed this act, he was seventeen and was, therefore, subject to the different treatment the General Assembly has determined is appropriate for children who commit acts, which if committed by an adult would be crimes.

The fact that children who are adjudicated delinquent and adults who are convicted of crimes are not similarly situated is evident when provisions of the Children's Code are compared with provisions of the Colorado Criminal Code. For example, the expressed philosophies of sentencing an adult under the criminal code are very different than those to be applied when disposition of a delinquent child is being considered. *See* §§ 18–1–102.5 and 19–1–102, C.R.S. (1986 Repl.Vol. 8B).

The Children's Code's sole emphasis is on rehabilitating children, assisting them in becoming responsible and productive members of society, and preventing them, while at an impressionable and vulnerable age, from becoming criminals. *See* §§ 19–1–102 and 18–1–102, C.R.S. (1986 Repl.Vol. 8B). A court entering a disposition in a juvenile case must consider both what is in the best interest of the child and of society, and it has a variety of alternative programs available to it in order to accomplish this end. Sections 19–1–102, 19–3–109, and 19–3–113, C.R.S. (1986 Repl.Vol. 8B).

Finally, a delinquency adjudication is a status determination as opposed to the conviction of a crime. The status of being a delinquent child is the same for all children so adjudicated, irrespective of, and without relation to the specific acts committed. A child adjudicated as delinquent is not a criminal, and the disposition of such child is designed only to modify his behavior to such an extent that he no longer qualifies for delinquent status. Section 19–1–109, C.R.S. (1986 Repl.Vol. 8B). Thus, the purposes and consequences of a delinquency adjudication are, by specific legislative de-

sign, very different than those of a criminal proceeding.

It is true that the General Assembly has provided dispositional alternatives for children such as M.C. who are eighteen years of age or over at the time of their dispositional hearing but who have been adjudicated delinquent for an act committed prior to their eighteenth birthday. *See* § 19–3–113(1)(c) & (d), C.R.S. (1986 Repl. Vol. 8B). However, these are transitional statutes which merely allow the juvenile court somewhat greater flexibility with this age group to determine what will best serve to rehabilitate and otherwise further the purposes of the Children's Code. They do not operate to change, in any way, the legislative intent that juveniles who violate the law while under the age of eighteen be treated in accord with the provisions of the Children's Code, rather than the criminal code.

Therefore, we hold that juveniles who are adjudicated delinquent and adults who are convicted of crimes are not similarly situated even when the disposition of a juvenile who has been adjudicated delinquent occurs after his eighteenth birthday.

We are fully aware that this holding is not in accord with *People in Interest of A.L.*, 713 P.2d 934 (Colo.App.1985). There, A.L. was found by a jury to have committed the act of unlawful possession of not more than one ounce of marijuana, a class two petty offense if committed by an adult. *See* § 18–18–106(1), C.R.S. (1986 Repl.Vol. 8B). He was adjudicated a delinquent child and, prior to his dispositional hearing, turned eighteen. The juvenile court sentenced him to the county jail for six months pursuant to § 19–3–113(1)(d). A division of this court agreed with the People's concession that it was a denial of equal protection for the trial court to impose a jail sentence when the maximum penalty for an adult committing the same acts would be a $100 fine. Upon reconsideration of this issue, under the circumstances at issue here, we do not find the reasoning of A.L. to be persuasive, and thus, we decline to follow it.

While our holding in the instant case may seem to impose a harsh result when applied to circumstances such as were present in *People in Interest of A.L., supra*, we point out that within the children's code there are means available to juveniles to challenge the propriety of the court's dispositional order. Further, we note that when § 19–3–113(1)(d) is considered in accord with the purposes of the Children's Code, the juvenile court could find that, under certain circumstances, it is in the best interest of a child to have a limited exposure to an adult penal institution, regardless of the offense he has committed, in order to give him some indication of what he will face should he violate the law after he has become an adult.

■ Finally, even were we to accept M.C.'s argument that these classifications are similarly situated and that, because probation implicates a liberty interest, the state must have a compelling interest to justify the classification, his equal protection claim would, nevertheless, still fail. To us, it is obvious that the State's interests relative to preventing delinquent children from becoming adult criminals are indeed compelling ones. Hence, the different treatment accorded juvenile offenders does not violate constitutional precepts requiring equal protection. *See* § 19–1–102, C.R.S. (1986 Repl.Vol. 8B); *State v. Rice*, 98 Wash.2d 384, 655 P.2d 1145 (1982).

Accordingly, the order denying M.C.'s motion is affirmed.

KELLY, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The disposition in this matter was entered on March 27, 1986. On December 12, 1985, this court vacated a similar disposition entered by this trial court in *People in Interest of A.L.*, 713 P.2d 934 (Colo.App. 1985). Not only was the holding of *A.L.* binding upon the trial court, it was well reasoned and the authorities cited therein were persuasive.

I would follow *A.L.*, vacate the sentence, and remand for resentencing.