**The PEOPLE of the State of Colorado, Plaintiff–Appellee, In the Interest of J.J., Minor Child, Appellant, And Concerning L.J., Respondent.**

**No. 87CA1740.**

Colorado Court of Appeals, Div. II.

Oct. 20, 1988.

Rehearing Denied Nov. 25, 1988.

Certiorari Denied Feb. 21, 1989.

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laurie E. Menconi-Smith, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Victor I. Reyes, Deputy State Public Defender, Denver, for minor child-appellant.

SMITH, Judge.

The sole issue in this case is whether a juvenile court may suspend a sentence of detention entered as a condition of probation. We conclude that it can, and therefore, affirm.

Here, the dispositional order which granted probation set forth, inter alia, the following terms and conditions of probation: "You will serve 45 days at the Pueblo Youth Center. 45 days are suspended at the request of the minor child on the condition that the minor child comply with all the terms and conditions of probation." It also provided that: "You will serve no less than two days in detention for each violation...."

After being tardy for more than 5 days, on October 14, 1987, the minor child was taken into custody by her probation officer as provided in the dispositional order. She was held overnight in the detention center and brought before the court the next morning, at which time a forthwith hearing was held.

I.

A delinquency proceeding is not a criminal prosecution, but rather, is a civil matter. *S.G.W. v. People,* 752 P.2d 86 (Colo. 1988). Thus, an adjudication of delinquency is a status determination, as opposed to the conviction of a crime; its purposes and consequences are, by specific legislative design, different from those of a criminal proceeding. *People in Interest of M.C.,* 750 P.2d 69 (Colo.App.1987).

Probation, in contrast to incarceration, is primarily rehabilitative in purpose. *People v. Flenniken,* 749 P.2d 395 (Colo.1988). This purpose is consistent with those of the Children's Code, § 19–1–101, et seq., C.R.S. (1986 Repl.Vol. 8B). *See* §§ 19–1–102(1)(a) and (1)(c), C.R.S. (1986 Repl.Vol. 8B).

The Children's Code is to be liberally construed, and the juvenile court has been accorded broad discretion to effectuate the goals of that statute. *People in Interest of M.H.*, 661 P.2d 1173 (Colo.1983). *See also S.G.W. v. People, supra.*

The Code of Criminal Procedure is not applicable to juvenile proceedings, except as specifically set forth therein. *People in Interest of A.F.*, 37 Colo.App. 185, 546 P.2d 972 (1975), *aff'd*, 192 Colo. 207, 557 P.2d 418 (1976); § 16–1–102, C.R.S. (1986 Repl. Vol. 8A). Yet, the power of a court to impose conditions of probation must be strictly derived from the applicable statutes. *People in Interest of A.F., supra.* Hence, a resolution of the issue here depends on an analysis of the specific provisions of the Children's Code.

## II.

Section 19–3–113(1)(g), C.R.S. (1986 Repl. Vol. 8B) (current version at § 19–2–703, C.R.S. (1987 Cum.Supp.)) provides that the court may place a child on probation "under such conditions as the court may impose." In addition, § 19–3–117(1), C.R.S. (1986 Repl.Vol. 8B) (current version at § 19–2–705, C.R.S. (1987 Cum.Supp.)) grants the court authority to impose, as a condition of probation, detention, the aggregate length of which, "whether continuous or *at designated intervals*" (emphasis added) shall not exceed 45 days.

A more typical order for detention at designated intervals might be an order for detention only on weekends which minimally alters a child's normal routine. However, we conclude that, inherent in the juvenile court's discretionary power to impose conditions of probation, while considering the welfare of the child and the rehabilitative goal of society, is the authority to impose shorter periods of detention for violations of other terms and conditions of probation or to modify such periods already imposed.

The partial execution of detention in the event of violation of other terms and conditions of probation is consistent with the purposes of the Children's Code to rehabilitate a child and preferably to provide guidance in the child's own home. On the other hand, a definite and extended period of detention regardless of the child's compliance with the conditions of probation is less conducive to these goals. Of course, the total aggregate length of such detention may not exceed 45 days. *See* § 19–3–117, C.R.S. (1986 Repl.Vol. 8B) (current version at § 19–2–705, C.R.S. (1987 Cum.Supp.)). Consequently, we conclude that the sentence imposed here was within the court's broad discretion.

## III.

Next, although the child contends that the procedure used by the trial court in partially revoking the suspended detention violated her procedural due process rights, we conclude that she has not demonstrated any such violation. *See People in Interest of C.J.W.*, 727 P.2d 870 (Colo.App.1986).

Accordingly, the sentence of the trial court is affirmed.

BABCOCK and REED, JJ., concur.