2014 COA 46

The PEOPLE of the State of Colorado, Petitioner–Appellant,

IN the INTEREST OF M.C.S., a Child,

and

Concerning C.S., Respondent–Appellee.

Court of Appeals No. 13CA1854

Colorado Court of Appeals, Div. IV.

Announced April 10, 2014

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2013.

Ellen G. Wakeman, County Attorney, Roy Wallis, Assistant County Attorney, Golden, Colorado, for Petitioner–Appellant

Blair Q. McCarthy, Jeffrey Timlin, Guardians Ad Litem

No Appearance for Respondent–Appellee

Opinion by JUDGE PLANK *

¶ 1 In this dependency and neglect proceeding concerning M.C.S., the Jefferson County Division of Children, Youth, and Families (Division) appeals from a juvenile court order dismissing its petition for lack of subject-matter jurisdiction. We affirm.

## I. Factual and Procedural Background

¶ 2 The Division filed a dependency and neglect petition concerning M.C.S. after it received a report that he was discharged from a teen shelter for possessing a pellet gun. He did not want to return home, and his father did not want him to return home. At that time, M.C.S. was only four months away from his eighteenth birthday. M.C.S.'s father appeared at an advisement hearing,

entered a general denial, and requested that the matter be set for a jury trial. Because the attorney for M.C.S.'s father was not available during the ninety-day statutory period prescribed for adjudications (*see* § 19–3–505(3), C.R.S.2013), the court set the case for a jury trial after M.C.S. turned eighteen.

¶ 3 The Division, joined by M.C.S.'s guardian ad litem (GAL), moved for summary judgment on its petition. M.C.S.'s father responded, denying that he had refused to pick up M.C.S. from the shelter or assessment center, was afraid of M.C.S., or that M.C.S. was beyond his control. He also moved to dismiss, asserting that because M.C.S. would not be adjudicated before he turned eighteen, the juvenile court lacked jurisdiction to enter a disposition.

¶ 4 The juvenile court ruled on the motions after M.C.S.'s eighteenth birthday. The court found that its jurisdiction terminated when M.C.S. turned eighteen without having been adjudicated dependent and neglected, and that no statute or case law allowed its jurisdiction to continue. The court, therefore, granted father's motion to dismiss and found the Division's summary judgment motion moot.

¶ 5 The Division appeals from the dismissal. The GAL has filed a response in support of the Division's petition on appeal and joins in requesting that the dismissal be reversed.

## II. No Jurisdiction for Adjudication

¶ 6 The Division contends that the juvenile court erred when it determined that it no longer had jurisdiction after M.C.S. turned eighteen without having been adjudicated dependent and neglected. We disagree.

### A. Relevant Statutes

¶ 7 The Colorado Children's Code (Code) confers exclusive original jurisdiction in the juvenile court over proceedings "[c]oncerning any child who is neglected or dependent, as set forth in section 19–3–102." § 19–1–104(1)(b), C.R.S.2013; *see also People in Interest of A.H.*, 271 P.3d 1116, 1120 (Colo.App.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2013.

2011). Unless the context of the Code requires otherwise, the term " '[c]hild' " means "a person under eighteen years of age." § 19–1–103(18), C.R.S.2013.

¶ 8 A court may authorize the filing of a dependency and neglect petition only when "a child is or appears to be within the court's jurisdiction." § 19–3–501(1)(b), C.R.S. 2013. The petition is the initial pleading and operates as a request for the court to take jurisdiction. *People in Interest of H.A.C.,* 198 Colo. 260, 263, 599 P.2d 881, 883 (1979). A juvenile court's subject matter jurisdiction is based on the allegations of a child being neglected or dependent, and once a petition has been filed, the juvenile court may issue temporary orders. § 19–1–104(3)(a); *see also A.H.,* 271 P.3d at 1120. However, the court's authority to issue temporary orders is limited to the period prior to adjudication or disposition of the child's case. *A.H.,* 271 P.3d at 1120.

¶ 9 After a child has been adjudicated, the court gains authority to order extensive and flexible dispositional remedies, including placement of the child with or without protective supervision and in or out of the home. *People in Interest of A.M.D.,* 648 P.2d 625, 639 (Colo.1982). The court retains continuing jurisdiction over any child who has been adjudicated as neglected and dependent until the child becomes twenty-one unless jurisdiction terminates earlier by court order. § 19–3–205(1), C.R.S.2013.

## B. Discussion

¶ 10 The Division asserts that once subject-matter jurisdiction properly vested in the juvenile court through the filing of the dependency and neglect petition, it could not be divested on or after M.C.S.'s eighteenth birthday. In support, the Division points to the absence of any Code provision that specifically terminates the court's jurisdiction when a child, who is subject to a dependency and neglect petition, turns eighteen before being adjudicated. It further relies on section 19–3–205(1) to argue that the dependency and neglect statutory scheme actually contemplates the continuation of subject-matter jurisdiction through adjudication and disposition, at least until the subject "child" reaches twenty-one. We are not persuaded by the Division's arguments and conclude, instead, that the juvenile court correctly determined from the relevant statutes that it no longer had jurisdiction after M.C.S.'s eighteenth birthday.

¶ 11 Statutory construction is a question of law, subject to de novo review. *People in Interest of O.C.,* 2012 COA 161, ¶ 18, 312 P.3d 226.

¶ 12 When we interpret statutes, we must give effect to the intent of the legislature and adopt the construction that best effectuates the purposes of the statutory scheme. *People in Interest of H.,* 74 P.3d 494, 495 (Colo. App.2003). We also must presume that the legislature intended a just and reasonable result and avoid a statutory interpretation that would lead to an absurd result. *Id.*

¶ 13 We first look to the language of the statutes and give words their plain and ordinary meanings. *O. C.,* ¶ 19. When the language of a statute is clear and unambiguous, we apply it as written. *People in Interest of A.V.,* 2012 COA 210, ¶ 24, 297 P.3d 1019. Because the language of a particular statutory provision must be read in the context of the entire statutory scheme, any interpretation should give consistent, harmonious, and sensible effect to all parts of a statute. *See People in Interest of N.G.,* 2012 COA 131, ¶ 24, 303 P.3d 1207. We resort to other principles of statutory construction only if we determine that a statute is ambiguous. *See In re Parental Responsibilities of M.D.E.,* 2013 COA 13, ¶ 10, 297 P.3d 1058.

¶ 14 As the Division maintains, a court's acquisition of subject-matter jurisdiction depends on the facts existing at the time jurisdiction is invoked, and a court ordinarily does not lose jurisdiction by the occurrence of subsequent events, even if those events would have prevented the court from acquiring jurisdiction in the first place. *Thomas v. Fed. Deposit Ins. Corp.,* 255 P.3d 1073, 1081 (Colo.2011). However, juvenile courts are creatures of statute, and the statutory language establishing the scope of their jurisdiction necessarily delimits that jurisdiction. *City & Cnty. of Denver v. Dist. Court,* 675

P.2d 312, 314 (Colo.1984); *People in Interest of N.D.V.*, 224 P.3d 410, 414 (Colo.App.2009).

¶ 15 The Code enables the state to " 'intercede to protect the health, safety, and welfare of minors from abuse, neglect, or abandonment.' " *N.G.*, ¶ 18 (quoting *L.L. v. People*, 10 P.3d 1271, 1275 (Colo.2000)). The definition of "child" as a person under the age of eighteen is not only clear and unambiguous, but also accords with the Code's purpose of protecting minors. The under-eighteen age requirement, which applies as a jurisdictional prerequisite to the bringing of a dependency and neglect proceeding, facilitates that purpose. *See* § 19–3–505(1); *N.D.V.*, 224 P.3d at 415.

¶ 16 The Division and GAL are correct that the dependency and neglect petition vested the juvenile court with subject-matter jurisdiction at the time it was filed. However, at that stage of the proceeding, the subject-matter jurisdiction conferred was limited. It authorized the court to issue only temporary orders preceding the adjudication. *A.H.*, 271 P.3d at 1120. As the statutory scheme shows, a court does not gain the jurisdictional foundation for non-emergency state intervention under the statutory scheme until the child is adjudicated dependent and neglected. *See id.* at 1121. Indeed, if the dependency and neglect allegations are not proven, the court's limited jurisdiction ends and it must dismiss the petition and return the child to the parent. *Id.* Thus, although a failure to follow statutory requirements or a procedure will not divest a court of subject matter jurisdiction ordinarily, *see N.D.V.*, 224 P.3d at 414, the court's limited jurisdiction in this case necessarily would have ended upon M.C.S.'s adjudication.

¶ 17 Construing the relevant statutes together and consistent with their plain meaning, we conclude that a juvenile court has subject-matter jurisdiction only to adjudicate children younger than eighteen. The statutory scheme treats age as a jurisdictional prerequisite both at the filing of a dependency and neglect petition and at the time of adjudication. We are not at liberty to expand either the definition of "child" or the

court's jurisdictional reach. *See M.D.E.*, ¶ 12 (holding that the unambiguous definition of grandparent does not include a "great-grandparent," and therefore, great-grandparents have no standing to seek visitation rights); *see also H.*, 74 P.3d at 497 (court had no jurisdiction over an unborn child where the dependency and neglect statutes did not specifically include unborn children within their protection and the dependency and neglect proceeding was commenced before the child's birth).

¶ 18 We acknowledge that the Code is to be liberally construed to serve the welfare of children and the best interests of society. § 19–1–102(2), C.R.S.2013. However, that directive does not provide authority to redefine the term "child" contrary to its plain meaning. *See M.D.E.*, ¶ 16 (principle of liberal construction may not be invoked to alter the plain meaning of a statute or to extend the application of its provisions beyond the clear limits of their reach).

¶ 19 Further, the interpretation we adopt does not render the court's continuing jurisdiction under section 19–3–205(1) superfluous or otherwise frustrate the purpose of providing ongoing protection. Indeed, the language of that section supports our interpretation here to the extent it requires an adjudication before the court's jurisdiction will be extended past the child's eighteenth birthday. As discussed, the Code protects minor children. The continuation of jurisdiction under section 19–3–205(1) simply enables the court to assist a minor child already adjudicated under its supervision in the transition to adulthood.

¶ 20 Although we conclude that the statutory scheme requires adjudication before the child reaches eighteen years of age for the court to maintain jurisdiction even though the petition was filed four months before that date, we note that this same scheme appears inconsistent in allowing continuing jurisdiction until a minor child reaches age twenty-one *if* adjudication occurs before the child is eighteen. *See* § 19–3–205(1). The requirement of adjudication before eighteen, even though a petition is timely filed, also allows a parent to deliberately delay the adjudication in hopes of obtaining a dismissal.

### III.   Conclusion

¶ 21 The order is affirmed.

CHIEF JUDGE LOEB and JUDGE MÁRQUEZ concur.