Colorado Court of Appeals Opinions || August 27, 2015


Colorado Court of Appeals -- August 27, 2015
2015 COA 121. No. 14CA1968. People In the Interest of P.K.



 Â 

 
 
 
 COLORADO COURT OF APPEALS

 
 2015 COA 121

 
 



 Court of Appeals No. 14CA1968
 Arapahoe County District Court No. 11JD714
 Honorable Elizabeth Beebe Volz, Judge


 The People of the State of Colorado,

 Petitioner-Appellee,

 In the Interest of P.K.,

 Juvenile-Appellant.


 ORDER REVERSED AND CASE
 REMANDED WITH DIRECTIONS

 Division VII
 Opinion by CHIEF JUDGE LOEB
 Sternberg* and Kapelke*, JJ., concur

 Announced August 27, 2015


 Cynthia H. Coffman, Attorney General, Jacob R. Lofgren, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

 Springer and Steinberg, P.C., Harvey A. Steinberg, David J. Blair, Denver, Colorado, for Juvenile-Appellant

 *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, Â§ 5(3), and Â§ 24-51-1105, C.R.S. 2014.

 Â 

 Â¶1Â Â Â Â Â Â Â Â  The juvenile defendant, P.K., admitted to a delinquency petition charging a single incident of aggravated incest. He contends on appeal that the juvenile court lacked jurisdiction to accept his admission because the charging document included a period of many months when he was under the age of ten. He contends, therefore, that the court erred in denying his motion to withdraw his admission. We conclude that the juvenile court was without jurisdiction to accept P.K.âs admission because the charging document was fatally defective, and we remand the case to the juvenile court with directions.

 I. Factual and Procedural Background

 Â¶2Â Â Â Â Â Â Â Â  P.K. was born on October 8, 1999. In 2011, when he was eleven years old, he was charged with three counts of aggravated incest against his younger brother. Each charge in the delinquency petition was worded identically as follows: âBetween and including 11/1/2007 and 8/25/2011, [P.K.] unlawfully, feloniously, and knowingly subjected to sexual contact, his brother of the whole or half blood, who was under the age of ten, in violation of section 18Â­6-302(1)(b), C.R.S.â Given the listed date range, P.K. was between eight and eleven years old at the time of the alleged offenses.Â 

 Â¶3Â Â Â Â Â Â Â Â  P.K. offered an admission to a single charge of aggravated incest, and in exchange, the prosecution dismissed the other two counts. The prosecution did not amend the petition and, therefore, P.K. admitted to a single charge of aggravated incest containing the above language.

 Â¶4Â Â Â Â Â Â Â Â  The juvenile court accepted P.K.âs admission and sentenced him to two years of supervised probation. Subsequently, the probation office filed a petition to revoke P.K.âs probation for various reasons, including the alleged commission of a new criminal offense, harassment. P.K. entered an admission to the harassment charge, and his probation was revoked and reinstated.

 Â¶5Â Â Â Â Â Â Â Â  A year later, another petition to revoke probation was filed because P.K. had been dismissed from sex-offender treatment for failure to progress. At the second revocation hearing, P.K.âs counsel asserted that the juvenile court lacked subject matter jurisdiction to have taken P.K.âs admission and imposed a sentence because he was under ten years old for over half of the charging period. The court ordered counsel to submit a written argument in the form of a motion to withdraw the admission. The issue was then fully briefed by both parties.

 Â¶6Â Â Â Â Â Â Â Â  In a written order, the juvenile court found that, although existing Colorado Supreme Court authority appeared to support P.K.âs position, the court would, nevertheless, deny the motion, because the prosecution would be âfree to refile the petition limiting the date range to a time after the juvenile was at least 10 years of age.â The court reasoned âthat the People may proceed with a charge of sexual conduct falling within a date range, as long as the charge is based on at least one act occurring within the jurisdiction of the court.â

 Â¶7Â Â Â Â Â Â Â Â  P.K. now appeals the juvenile courtâs order denying his motion to withdraw his admission.

 II. Subject Matter Jurisdiction

 A. Standard of Review

 Â¶8Â Â Â Â Â Â Â Â  Although the issue in the juvenile court was postured in the procedural context of a motion to withdraw an admission to a delinquency petition, the underlying issue in this case is one of subject matter jurisdiction. Subject matter jurisdiction is a matter of law that appellate courts review de novo. State ex rel. Suthers v. Johnson Law Grp., PLLC, 2014 COA 150, Â¶14. An appellate court will not overturn the denial of a motion to withdraw a guilty plea,Â or, as here, in the case of a delinquency action, an admission, unless the trial court abused its discretion. See Kazadi v. People, 2012 CO 73, Â¶15. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it is based on an erroneous view of the law. People v. Clark, 2015 COA 44, Â¶14; People v. Bondurant, 2012 COA 50, Â¶79.

 B. Applicable Law

 Â¶9Â Â Â Â Â Â Â Â  â[A] challenge to a courtâs subject matter jurisdiction is not waivableâ and may be raised at any time. Herr v. People, 198 P.3d 108, 111 (Colo. 2008). Subject matter jurisdiction concerns a courtâs authority to hear and rule on a certain class of cases and is conferred by the state constitution and statutes. See People in Interest of K.W., 2012 COA 151, Â¶10. If a court does not have subject matter jurisdiction, it is deprived of any authority to act from the outset of the case. People v. Martinez, 2015 COA 33, Â¶30 (ââA court must always have jurisdiction to act. Thus, any action taken by a court when it lacks jurisdiction is a nullity.ââ (quoting People v. Widhalm, 991 P.2d 291, 293 (Colo. App. 1999))).Â 

 Â¶10Â Â Â Â Â Â Â Â  In Colorado, the juvenile court[1] is a creature of statute, and the statutory language establishing the scope of its jurisdiction necessarily delimits that jurisdiction. See, e.g., People in Interest of M.C.S., 2014 COA 46, Â¶14. Section 19-2-104(1)(a), (7), C.R.S. 2014, confers exclusive jurisdiction on the juvenile court over cases concerning juveniles between ten and eighteen years of age. See also People in Interest of W.P., 2013 CO 11, Â¶22. In assessing the jurisdiction of the juvenile court, the relevant inquiry is the age at which the alleged acts were committed, not the age at which a disposition was imposed. People in Interest of M.C., 750 P.2d 69, 70 (Colo. App. 1987), affâd, 774 P.2d 857 (Colo. 1989).

 Â¶11Â Â Â Â Â Â Â Â  In juvenile court, a delinquency petition is the equivalent of a complaint and information. People in Interest of R.G., 630 P.2d 89, 91 (Colo. App. 1981). A petition therefore must advise the juvenile of the nature and cause of the accusation against him or her, id., and assert details concerning the jurisdiction of the juvenile court. Â§ 19-2-513(2), C.R.S. 2014.

 Â¶12Â Â Â Â Â Â Â Â  In Bustamante v. District Court, 138 Colo. 97, 105, 329 P.2d 1013, 1017 (1958), abrogated on other grounds by County Court v. Ruth, 194 Colo. 352, 355-56, 575 P.2d 1, 3 (1977), the supreme court held that if a charging document âavers two dates, one of which is so remote as to be barred by the statute of limitations, it is defective.â Thus, when the time period on the charging document shows on its face that it is barred by the statute of limitations, the charging document must allege one or more of the exceptions to the expiration of time limitation because statutes of limitations are jurisdictional and âa [charging document] which shows on its face that the prosecution is barred by limitations fails to state a public offense.â Id. at 103-04, 329 P.2d at 1016 (internal quotation marks omitted).

 C. Analysis

 Â¶13Â Â Â Â Â Â Â Â  For the reasons set forth below, we conclude that the charging document here was defective and that, accordingly, the juvenile court did not have subject matter jurisdiction to accept P.K.âs admission and sentence him in this case.

 Â¶14Â Â Â Â Â Â Â Â  Like a statute of limitations, a juvenileâs age at the time of the offense is a matter of jurisdictional importance. W.P., Â¶22; M.C.,Â 750 P.2d at 70. And, as in Bustamante, the prosecution here charged multiple dates within a range. 138 Colo. at 99, 329 P.2d at 1014 (the charging document stated that the defendant committed the crime of embezzlement between the dates of May 24, 1953, and October 19, 1954). In our view, the supreme courtâs reasoning in Bustamante is analogous to the situation here and, therefore, guides our analysis.

 Â¶15Â Â Â Â Â Â Â Â  Because P.K.âs delinquency petition charged an offense occurring in a range between two specific dates, November 1, 2007, and August 25, 2011, both dates must fall within the jurisdiction of the juvenile court. See id. at 105, 329 P.2d at 1017. The parties concede that November 1, 2007, and the following twenty-three months were outside the jurisdiction of the juvenile court because P.K. was under ten years old during that period, and the juvenile court only has jurisdiction over children ten years of age and older. Â§ 19-2-104(1)(a).

 Â¶16Â Â Â Â Â Â Â Â  The People argue that Bustamante is inapplicable here and rely on People v. Salyer, 80 P.3d 831 (Colo. App. 2003), as a more analogous case. We disagree. Aside from the fact that the defendant in Salyer asserted an argument regarding the jurisdiction of the juvenile court, we fail to see any similarities between that case and this case. Salyer, unlike P.K., was over the age of eighteen at the time of his alleged crimes. Id. at 834. Thus, the charging document in Salyer asserted that the alleged crimes occurred on a single date, February 14, 2000, a date that was nine months after the defendantâs eighteenth birthday. Id. Here, in contrast to Salyer (but as in Bustamante), the prosecution charged that the offense occurred within a range of dates. Further, from November 1, 2007 (the specified beginning date of the charged range), through the following twenty-three months of the entire duration of the charged range, P.K. was under the jurisdictional age for the juvenile court.

 Â¶17Â Â Â Â Â Â Â Â  The People also argue that the juvenile court had subject matter jurisdiction to accept P.K.âs admission because (1) the date range in the petition included twenty-five months when P.K. was over ten years of age, and (2) evidence apparently produced in discovery indicated that the majority of the disclosed incidents of incest occurred when P.K. was ten years old or older. However, the court in Bustamante specifically considered a similar argument and rejected it. See 138 Colo. at 105-06, 329 P.2d at 1017. There, the supreme court was not persuaded by the argument that some of theÂ period alleged in the charging document was within the statute of limitations and that, therefore, the charges on those alleged crimes could proceed to trial. Id. Instead, it found that because â[t]he state made a blanket chargeâ of one crime over a period of time, the âtrial court cannot consider any evidence in weighing the validity of this indictment.â Id. (emphasis added).

 Â¶18Â Â Â Â Â Â Â Â  This analysis applies with equal force here as well. Indeed, our conclusion is bolstered by the fact that a lack of subject matter jurisdiction deprives the court of any authority to act, which would include considering any evidence. See Martinez, Â¶30. Thus, the juvenile court here could not consider any of the evidence found in discovery because the petition on its face deprived it of jurisdiction.

 Â¶19Â Â Â Â Â Â Â Â  In its order, the juvenile court purported to apply the holding in Bustamante to the delinquency petition and seemingly found that the petition was defective under the reasoning of that case. However, the court still declined to grant P.K.âs motion. The courtâs order does not directly state its reasoning for doing so, although it appears that, given the prosecutionâs ability to refile a petition, the court may have made its decision based on judicial economy and practicality. However, matters of subject matter jurisdiction shouldÂ not be dictated by judicial economy concerns. The juvenile court is entirely a creature of statute and therefore has no jurisdiction except for that provided by statute. McDonnell v. Juvenile Court, 864 P.2d 565, 567 (Colo. 1993). Moreover, as previously noted, a lack of jurisdiction deprives the court of all authority to act â it is a quintessential threshold matter. See Martinez, Â¶30.

 Â¶20Â Â Â Â Â Â Â Â  For the reasons set forth above, and applying the principles articulated in Bustamante, we conclude that the juvenile court lacked subject matter jurisdiction to accept P.K.âs admission to the count of aggravated incest and to impose a sentence. The court, therefore, erred in denying P.K.âs motion to withdraw his admission based on jurisdictional grounds.

 III. Remedy

 Â¶21Â Â Â Â Â Â Â Â  P.K. requests that we reverse the juvenile courtâs order denying his motion to withdraw his admission and remand the case with instructions. However, he does not specify or clarify what instructions he wishes us to give the juvenile court.

 Â¶22Â Â Â Â Â Â Â Â  The People assert that, if we conclude that the juvenile court lacked jurisdiction to accept P.K.âs admission, we have two options:

 (1) to remand to the juvenile court with instructions to grant P.K.âs motion to withdraw his admission after which the prosecution may amend the complaint to limit the date range for P.K.âs offenses . . .; or, alternatively, (2) to remand to the juvenile court with instructions to dismiss the petition in delinquency without prejudice after which the prosecution may refile a petition in delinquency which properly invokes the juvenile courtâ[s] jurisdiction.

 We conclude that the Peopleâs second proposal is the appropriate remedy here.

 Â¶23Â Â Â Â Â Â Â Â  Initially, we conclude that it is not appropriate to allow the prosecution to amend the petition to reflect a date range within the juvenile courtâs jurisdiction, because the juvenile court entered a final judgment in this case, an adjudication, where the face of the petition deprives the it of jurisdiction, meaning that the court has no authority to take any action on the petition. See Martinez, Â¶30. Because an adjudication has been made in this case without any prior motion to amend the petition, we cannot direct the juvenile court to hear a motion to amend. Cf. People v. Cervantes, 715 P.2d 783, 786 (Colo. 1986) (upholding a trial courtâs jurisdiction to hear a motion to amend the information that was made after the jury was sworn, but before any verdict had been reached, when theÂ amendment was one of form and did not affect defendantâs substantial rights); People v. Bowen, 658 P.2d 269, 270 (Colo. 1983) (trial court has the authority to hear a pre-trial motion to amend an information under Crim. P. 7(e) when the face of the petition presents a jurisdictional issue like statute of limitations).

 Â¶24Â Â Â Â Â Â Â Â  However, because the delinquency petition is fatally defective, it is appropriate to order the court to dismiss it without prejudice. Dismissing without prejudice is appropriate because jeopardy does not attach if a charging document is insufficient in form and substance to sustain a conviction. People v. Garner, 187 Colo. 294, 298, 530 P.2d 496, 499 (1975) (when a verdict was set aside for failure of the information to charge the accused with a crime, no jeopardy attached). We also note that the crime of aggravated incest, as defined under section 18-6-302, C.R.S. 2014, the statute under which P.K. was charged, is considered a sex offense against a child. Â§ 18-3-411(1), C.R.S. 2014. Sex offenses against children have no statute of limitations. Â§ 16-5-401(1)(a), C.R.S. 2014. Hence, the statute of limitations is also not a bar to refiling the case.

 IV. Conclusion

 Â¶25Â Â Â Â Â Â Â Â  The order is reversed, and the case is remanded with directions to the juvenile court to dismiss the delinquency petition without prejudice.

 Â 

 JUDGE STERNBERG and JUDGE KAPELKE concur.


 [1] When used in the Childrenâs Code, the term âjuvenile courtâ âmeans the juvenile court of the city and county of Denver or the juvenile division of the district court outside of the city and county of Denver.â Â§ 19-1-103(70), C.R.S. 2014; People in Interest of W.P., 2013 CO 11, Â¶22 n.9.




These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here. 



Colorado Court of Appeals Opinions || August 27, 2015


Back