NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


In the Interest of M.P., a child.    )

    )

        Appellant.    )    Case No.   2D15-2065

_____ )


Opinion filed September 25, 2015.

Appeal from the Circuit Court for Collier
County; Joseph G. Foster, Judge.

C. Carolina Maluje and Anna E.
Galeano Guzman of Law Offices of
C. Carolina Maluje, P.A., Miami Lakes,
for Appellant.

Stephanie C. Zimmerman, Bradenton,
and Dwight O. Slater, Tallahassee, for
Appellee Department of Children and
Families.


PER CURIAM.


       Affirmed.  See O.I.C.L. v. Dep't of Children & Families, 169 So. 3d 1244,

1246 (Fla. 4th DCA 2015) (affirming the denial of a private petition for dependency

based on the ground, among others, that the child who was being cared for by an uncle

did not qualify as dependent); Dep't of Children & Families v. Dixon, 938 So. 2d 992

(Fla. 4th DCA 2006) (holding, based on a concession of error, that the "trial court was

without jurisdiction to conduct an adjudicatory hearing because the children turned 18 before the date of the hearing"); In re M.C.S., 372 P.3d 360, 363 (Colo. App. 2014) (dismissing a petition for lack of subject matter jurisdiction on the ground that "a juvenile court has subject-matter jurisdiction only to adjudicate children younger than eighteen" and observing that the court is "not at liberty to expand either the definition of 'child' or the court's jurisdictional reach").

SILBERMAN, KELLY, and MORRIS, JJ., Concur.